STATE REALTY COMPANY, Plaintiff, *v.* GREENFIELD, Defendant.

WALTER J. SALOMON, Plaintiff, *v.* GREENFIELD, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, January, 1920.)

Lease — when tenant drafted into the military service of the United States is relieved from his obligation to pay rent — landlord and tenant — actions.

> The act of the United States government in drafting a tenant into its military service, in consequence of which he is obliged to abandon the leased premises where he was engaged in business, relieves him from his obligation to pay rent under the lease.

> Where the landlord relet the premises for a part of the unexpired term at a reduced rental, it cannot maintain an action to recover from the original tenant the difference between the rent reserved by his lease and the rent received from the tenant on the reletting.

ACTION upon a lease.

Bond & Babson, for plaintiffs.

Newmark & Miller, for defendant.

DAVIS, J. The plaintiffs were the lessors and the defendant the lessee under written leases of certain office premises in the city of New York, the defendant personally engaging in said premises in the brokerage business.

By reason of war being declared between our government and the governments of Germany and Austria, congress enacted a law generally referred to as the Draft Law, for the purpose of raising military forces with which to prosecute the war, and during

the life of these leases this defendant was duly drafted, and under the provisions of this Draft Law was inducted into the military service of the United States government, and thereby compelled to abandon his business and was not able to return to the premises herein leased. The plaintiffs relet the premises for a part of the unexpired period at a reduced rental, and now sue this defendant after his return from the military service for the difference between the amount due under the terms of the leases and the amount which they received from the other tenants to whom the premises were relet.

The facts are not in dispute, and defendant defends upon his claim that the leases were canceled and his obligation thereunder abrogated by reason of the United States Draft Law and its operation upon him.

There have been no decided cases, so far as I can find, growing out of this war upon this point, and the observation is natural that apparently the creditors have recognized the general hardships to those drafted and have therefore not pressed such claims as these, but upon a review of the decisions we find that, running from the old English case of *Paradine & Jane,* reported in Alleyn, pages 26 and 27, down to the recent one of *Adler* v. *Miles,* decided by Judge Seabury and reported in 69 Miscellaneous Reports, 601, the general desire and rule seem to be as expressed in the latter case, that " where the law creates a duty and a party without fault on his part is disabled from performing it, failure to perform is excused; but where a party by contract creates a duty upon himself he is bound to make good if he may, notwithstanding any inevitable accident; but the rule has no application where performance becomes impossible by a change in the law or by reason of action taken under governmental authority."

In my opinion, therefore, the sense of the law in a case such as this is to hold that the government's act in taking defendant into its military service under the demands of war relieved the defendant of his obligations under this contract, and judgment herein will be for the defendant.

Judgment for defendant.