In the Matter of the Claim of HELEN MOLL, Respondent, against BRAYER BROTHERS CONSTRUCTION CORPORATION and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 28, 1938.

*Charles P. Barre*, for the appellants.

*John J. Bennett, Jr.*, Attorney-General [*Roy Wiedersum*, Assistant *Attorney-General*, of counsel], for the State Industrial Board, respondent.

RHODES, J. Compensation has been awarded to claimant, the widow of the deceased employee. The Board denied the carrier credit during the period between her second marriage and the date when an annulment of the second marriage became effective. Compensation was awarded to the widow for such second marriage period on the theory that her second husband did not at any time contribute to her support. The finding of the Board relative thereto is as follows: " 6. On November 30, 1934, Helen Moll, the widow-claimant herein, married one George Staub, with whom she lived until January, 1935, at which time said George Staub deserted the claimant. George Staub did not at any time support or contribute to the support of the claimant or her children. Said marriage between Helen Moll and George Staub was dissolved and annulled

by an interlocutory decree of the Supreme Court of Niagara County, entered in the office of the clerk of said County on November 20, 1936. Said judgment of annulment became a final judgment as of course three months from the date of the entry thereof."

In *Matter of Foster* v. *American Radiator Co.* (249 App. Div. 460) it was held that the widow in that case was not entitled to compensation during the period of her subsequent second marriage even though the second marriage was subsequently annulled. It was there pointed out that otherwise the widow would be entitled to support from two sources during the period of her second marriage. (See, also, *Matter of Renzo* v. *Reid Ice Cream Corp.*, 254 App. Div. 794.)

A distinction is sought to be drawn between those cases and the case now before us because of the fact that in the instant case the claimant's second husband wholly failed to support her. The record does not disclose the grounds of the annulment nor whether the second marriage was void or voidable, but presumptively it was voidable. (*Matter of Foster* v. *American Radiator Co.*, *supra*.)

Thus, when claimant married her second husband the obligation presumptively devolved upon him of supporting her. Since nothing appears in the record to overcome this presumption, we must hold that claimant's source of support was her second husband and not compensation for the loss of her first husband.

The appellants were entitled to credit for the period of the second marriage. The award should, therefore, be reversed and the matter remitted to the Board for consideration in accordance herewith, with costs to the appellants against the State Industrial Board.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Award reversed and the matter remitted to the Board for consideration in accordance with opinion, with costs to the appellants against the State Industrial Board.