JOHN J. RAY, Plaintiff, *v.* KATHERINE RAY, Defendant.

Supreme Court, Special Term, Albany County, September 28, 1948.

*Harry A. Allan* for plaintiff.

*Arthur J. Harvey* for defendant.

BERGAN, J. The contract of marriage between the parties was not made in Pennsylvania. The instrument which evidences the contract was executed first by the defendant in Pennsylvania on December 8, 1943. It did not become a contract until it was executed by plaintiff. This was done later, on January 14, 1944, while plaintiff was, as the instrument itself says, '' in foreign service''.

The rule in New York is that the law governing a contract is the law obtaining in the place where the execution of the contract is completed. When part of a contract is executed in one jurisdiction and the rest of it, constituting the final act to make it complete, is executed in another jurisdiction, it is the law of the latter which controls. (*New York Architectural Terra-Cotta Co.* v. *Williams,* 102 App. Div. 1, affd. 184 N. Y. 579; *Zeltner* v. *Irwin,* 25 App. Div. 228.)

The rule in New York is the general rule (17 C. J. S., Contracts, § 356, pp. 813–814), and it is a rule that was specifically applied to a contract of marriage by the United States Circuit Court of Appeals in *Great Northern Ry. Co.* v. *Johnson* (254 F. 683).

The contract here is, therefore, not a Pennsylvania contract and I think it is governed by the law of New York for two reasons: (1) The domicile of a soldier taken into service through the selective service continues to be the State of residence, and all the incidents of continued residence in that State, including civil agreements made by the soldier, would ordinarily be deemed to be made in that State both because of the compulsory nature of the induction into military service and because of the mobility of military service itself which makes the actual place of performance uncertain, often subject to military secrecy, and changing with such rapidity as to make it nearly impossible to determine the actual place of execution of civilian acts with the certainty that is required. (2) The contract merely recites that the plaintiff is '' serving in a foreign land '', and not only does the presumption follow that the law where the contract is made is the same as that of the forum, in the absence of proof,

but in a case of execution of this kind it would be impracticable for the court to attempt to follow the vagaries of the laws of many foreign places as a test of validity.

There is no doubt that the plaintiff continued to be domiciled at the time of the execution of the instrument in New York (*People* v. *Guariglia*, 187 Misc. 843), and the instrument itself recites that plaintiff was a resident of Albany when he executed it. For collateral discussion see *State Realty Co.* v. *Greenfield* (110 Misc. 270).

If the contract was executed in New York, it is void. The omnibus provisions of section 11 of the Domestic Relations Law are that " No marriage shall be valid " unless falling within one of the specifically enumerated exceptions of the section.

If this conclusion is right and the marriage is void, it is the duty of the court to declare its invalidity. (Civ. Prac. Act, § 1132.) This is a different thing from judgment annulling a voidable marriage treated in the same section. Estoppel might be invoked in the case of a voidable marriage for fraud or other cause.

But if the marriage is void in law, nothing the court can do by refusing a declaration of invalidity or otherwise, can give it validity. It is a sounder public policy to declare a void marriage to be void, since the refusal to make the judicial declaration cannot have the result of giving it validity, and all that can result from this are confusion and uncertainty of status.

In this view of the case it becomes unnecessary to consider the additional points raised by plaintiff upon which he contends the marriage is voidable.

Judgment for plaintiff declaring the marriage void under section 11 of the Domestic Relations Law, without costs. As between the parties, but expressly not affecting the child who is absent from the action, the judgment shall provide that the child is not the child of plaintiff.

Submit decision and judgment.