In the Matter of the Claim of REGINA NAKONECZNA, Appellant, v I & L EISENBERG et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 29, 1977

APPEARANCES OF COUNSEL

*Albert M. Aronowitz* for appellant.

*Peter M. Pryor (William L. Weinstock* of counsel), for State Insurance Fund and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

## OPINION OF THE COURT

GREENBLOTT, J.

This is an appeal from a decision of the Workmen's Compensation Board, filed December 16, 1976, entitling the carrier to extend suspension of compensation payments to the claimant to February 9, 1979.

Claimant's husband died on January 13, 1958 as a result of an industrial accident. On March 31, 1958 she was awarded death benefits of $18 per week. Claimant, in the meantime, brought a wrongful death action against a third party. On April 13, 1962, claimant settled that action for $10,000 with the consent of the State Insurance Fund. As a result, the board rendered a new decision which permitted the carrier to suspend compensation payments from March 19, 1962 to March 2, 1972.

On November 18, 1967, during the period of suspension of payments, claimant remarried in the State of New Jersey. On January 7, 1972 this marriage was annulled due to the impotence of claimant's second husband. Following the annulment, claimant petitioned for reopening of her case and

thereafter a decision was rendered ordering the carrier to commence payments of $24 per week as of March 2, 1972, the date on which the suspension was to have terminated. The carrier appealed to the board seeking credit for the period of claimant's remarriage. The board ultimately decided that the carrier was entitled to a further suspension as a result of the remarriage and suspended payments to the claimant until February 9, 1979.

The principal question before us is whether the claimant's remarriage, contracted and annulled during a period in which death benefit payments were suspended owing to a settlement of claimant's wrongful death action, provides a basis for an additional deferral of payments beyond the suspension period. The board's decision deferring reinstatement of death benefit payments until February 9, 1979, in effect tacked together two periods of credit to the carrier even though they ran concurrently. The initial period of credit resulted from claimant's recovery of $10,000 as settlement of her wrongful death action. Pursuant to section 29 of the Workmen's Compensation Law, the carrier was granted a credit against its liability to claimant for the amount of recovery (*Matter of Shulman v Shulman Assoc.,* 49 AD2d 291). The second period of credit was based upon claimant's New Jersey marriage which was both contracted and annulled during the period when the wrongful death credit was in effect.

■ ■ Claimant is only entitled to death benefits during her widowhood and, by statute, her entitlement terminates upon her remarriage or death (Workmen's Compensation Law, § 16, subd 2). The import of an annulment of a claimant's remarriage turns on whether the second marriage was void *ab initio* or merely voidable. If the second marriage is only voidable, a subsequent annulment will result in reinstatement of death benefits as of the effective date of the annulment decree (*Matter of Moll v Brayer Bros. Constr. Corp.,* 255 App Div 168; *Matter of Foster v American Radiator Co.,* 249 App Div 460).

■ In New Jersey, as in New York, when a judgment of nullity is granted on the grounds of impotence (NJ Stat 2A:34-1) the marriage is voidable, not void *ab initio (Sharpe v Sharpe,* 109 NJ Super 410, mod on other grounds 57 NJ 468). As claimant's marital status under New Jersey law pending the judgment of nullity was not that of a widow, she was not entitled to benefits under New York's Workmen's Compensation Law (*Matter of O'Connor,* 21 AD2d 333, 335). Claimant

contends, however, that because the period of credit resulting from her temporary remarriage occurred entirely within the period of credit due to the settlement of the wrongful death action, there is no basis for adding the two periods of suspension of benefits together.

■ ■ Subdivision 4 of section 29 of the Workmen's Compensation Law provides: "If such injured employee, or in case of death, his dependents, proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case." This provision operates to limit the carrier's liability to the deficiency between the amount of the wrongful death recovery and the workmen's compensation to which claimant is entitled (*Matter of Schreckinger v York Distrs.*, 9 AD2d 333, 335). Claimant's temporary remarriage interrupted her entitlement and thereby tolled the running of the credit period. Thus it was reasonable for the board to view the period of remarriage as an extension of the period during which the carrier's duty to pay benefits was suspended.

■ ■ Claimant also contends that the carrier should be required to pay a two-year commutation award if it is entitled to credit for the period of her remarriage. While ordinarily a lump-sum payment of two years' compensation benefits is provided for upon a claimant-widow's remarriage (Workmen's Compensation Law, § 16, subd 2), here no such right accrued. Had claimant remained remarried the carrier would have been absolutely discharged because the wrongful death recovery, having more than two years of credit left to run, would have completely covered the carrier's duty to pay the lump-sum settlement. Therefore such an award would not have been appropriate. Further, had such a payment been made, the subsequent annulment would have entitled the carrier to a two-year credit upon the resumption of its duty to pay death benefits (*Matter of Renzo v Reid Ice Cream Corp.*, 279 NY 83).

Both parties to this appeal are in agreement that the board erred in calculating the date for resumption of payments of benefits on the basis of a compensation rate of $24 per week. By virtue of subdivision 9 of section 25-a of the Workmen's Compensation Law, claimant was entitled to supplemental benefits which would double the weekly payments. Thus the

credit period has been erroneously extended to February 9, 1979. The case must be remitted to the board for recalculation of the resumption date on the basis of a new actuarial computation.

The decision should be modified, by reversing so much thereof which calculated the period credited to the carrier, and matter remitted for a recalculation of such credit period, and, as so modified, affirmed, without costs.

KOREMAN, P. J., KANE, LARKIN and MIKOLL, JJ., concur.

Decision modified, by reversing so much thereof which calculated the period credited to the carrier, and matter remitted for a recalculation of such credit period, and, as so modified, affirmed, without costs.