■ JEANNE D. LOBOTSKY, Respondent, v WALTER LOBOTSKY, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated March 14, 1985, which, inter alia, (1) decreed that the marital residence, known as 476 South Wood Street, Mahopac, New York, and the household furnishings thereat are marital property and subject to equitable distribution; (2) directed the sale of the marital residence for $75,000, its market value at the time this action was commenced in July 1981; (3) directed the sale of the household furnishings at the marital residence at their fair and reasonable market value; (4) awarded 40% of the net proceeds from the sale of the marital residence and household furnishings to the plaintiff wife; (5) awarded the plaintiff maintenance in the sum of $75 per week, effective the date the action was commenced, with payments continuing for three years from the date of judgment, at which time a reappraisal of the plaintiff's financial status may be made, and (6) awarded the plaintiff the sum of $50 in child support for each of the parties' two infant issue, for a total sum of $100 per week, until each child attains the age of 21 years or is otherwise emancipated.

Judgment modified, on the law and the facts, by (1) deleting from the seventh decretal paragraph thereof (a) the words "for the sum of Seventy-five Thousand ($75,000.00) Dollars", and substituting therefor, the words, "at its current fair and reasonable market value" and (b) the words "the net proceeds therefrom are to be divided between the parties, forty (40%) per cent to the plaintiff and sixty (60%) per cent to the plaintiff [sic]", and substituting therefor, the words , "the net proceeds therefrom are to be divided between the parties, fifty

(50%) per cent to the plaintiff, and fifty (50%) per cent to the defendant, after a credit in favor of the defendant in the sum of $18,891.94 is deducted from the net proceeds", (2) deleting the tenth decretal paragraph thereof and substituting therefor a provision that the defendant shall pay to the plaintiff, as maintenance, the sum of $75 per week, effective the date of the trial court's judgment, March 14, 1985, by check or money order drawn to her order and forwarded on Friday of each week to her residence or to such other place as she may designate in writing, payments to be made until March 14, 1988, at which time a reappraisal of the plaintiff's financial status may be made, and (3) deleting from the twelfth decretal paragraph providing for child support payments the words "effective July 1, 1981, the date this action was commenced" and substituting therefor the words "effective March 14, 1985". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for a determination with respect to arrears, if any, in maintenance and child support payments.

The trial court properly concluded that the residence at 476 South Wood Street, Mahopac, New York, was marital property. While the parties' marriage was declared void, the property purchased by the parties during their purported marriage was marital property which was subject to equitable distribution (see, Domestic Relations Law § 236 [B] [1] [c]; [5]). This is certainly true in the present case where the parties lived together as husband and wife for over 10 years, had two children who they raised together, and had the deed to the property made out to both of them as tenants by the entirety (see, Cunningham v Cunningham, 105 AD2d 997, 998; Parsons v Parsons, 101 AD2d 1017).

On the other hand, the record indicates that the defendant sold his prior home at 26 Trout Street, Mahopac, New York, which was clearly his separate property, and that he contributed the net proceeds from this sale towards the purchase of the marital home. The trial court erred in not directing that the defendant be given a credit for this contribution (see, Cunningham v Cunningham, supra; Parsons v Parsons, supra). We find, however, that in view of the parties' otherwise equal contribution to the marriage, equity demands that after such a credit is given, the proceeds from the sale of the marital home and household furnishings should be equally divided.

The trial court's direction that the marital home be sold at its fair market value in July 1981, when this action was

commenced, is also erroneous. The fair market value of the marital home has apparently increased significantly since 1981. Thus, directing that the property be sold at its fair market value at the commencement of this action is disadvantageous to both parties and is without basis in reason. The marital home should be sold for whatever its fair market value is at the time that such sale is actually made (see, Rywak v Rywak, 100 AD2d 542).

The trial court properly set forth the statutory criteria it considered in rendering its awards of maintenance and child support, and in equitably distributing the marital property. However, we find that it was error for the trial court to order maintenance and child support retroactive to the date of commencement of the action on July 1, 1981. The plaintiff never requested any pendente lite relief and it is apparent from a review of the record that the defendant adequately provided for her needs as well as for the needs of the parties' children for the entire pendency of this litigation during which they all continued to live together in the marital residence. As a result, we believe that the trial court should have provided that the duty to pay maintenance and child support was to begin as of the date of the trial court's judgment, March 14, 1985. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.