■ DONALD FERRIN et al., Appellants, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.— Mahoney, P. J.

Plaintiff Donald Ferrin is serving a prison sentence of 20 years to life, which sentence was imposed on April 18, 1974. On December 9, 1977, while he was incarcerated at the Dutchess County Jail, he married plaintiff Susan Ferrin. Prior to the marriage, she had given birth, out of wedlock, to a child by Donald Ferrin. The wedding ceremony was performed by the chaplain of the Dutchess County Jail in the office of the warden. Subsequently, Donald Ferrin was transferred to Attica Correctional Facility. While at Attica, he and Susan Ferrin were permitted to participate in the Family Reunion Program in December 1978 and February 1979. Plaintiffs engaged in sexual relations and Susan ultimately gave birth to a child on November 2, 1979. For the next several years Donald Ferrin was not eligible to participate in the Family Reunion Program, but Susan Ferrin and the children visited him as he was transferred from one facility to another. When Donald Ferrin was ultimately transferred to Great Meadow Correctional Facility, he became eligible to participate in the Family Reunion Program at that institution. On August 6, 1984, the family reunion coordinator disapproved the request "because [Donald Ferrin's] marriage is not considered to be legal".

Plaintiffs commenced this action seeking a declaratory judg-

ment that they are husband and wife because they were validly married. Special Term directed that the Department of Correctional Services and the Attorney-General be given notice of plaintiffs' action. The Attorney-General moved for summary judgment dismissing the complaint. Special Term granted the motion and this appeal by plaintiffs ensued.

Civil Rights Law § 79-a prohibits marriages by inmates serving sentences of life imprisonment *(see, Matter of Fitzpatrick v Smith,* 90 AD2d 974, 975, *affd* 59 NY2d 916, 917, *cert denied* 464 US 963). Pursuant to the provisions of the statute, the State may constitutionally prohibit individuals sentenced to life imprisonment from marrying *(see, id.; Johnson v Rockefeller,* 365 F Supp 377, *affd sub nom. Butler v Wilson,* 415 US 953).

We reject plaintiffs' contention that since they were "married" by a public employee at a government institution, the State should be estopped from contesting the validity of their marriage. While estoppel may be appropriate in certain circumstances *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668), it is not appropriate to bind the government for the unauthorized acts of its employees *(Granada Bldgs. v City of Kingston,* 58 NY2d 705, 708). Similarly, the estoppel doctrine will not be invoked to override a statute's denial of eligibility *(Matter of Burns v Regan,* 87 AD2d 944, 946, *appeal dismissed* 57 NY2d 954).

Since this is a declaratory judgment action, Special Term should not have dismissed the complaint, but should have issued a declaration in defendants' favor *(see,* Siegel, NY Prac § 440). Thus, the judgment must be modified.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed the complaint; it is declared that defendants need not recognize plaintiffs' marriage; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.