■ NEDRA STIMPFLE-JONES, Respondent, v JIMMY JONES, Appellant.—Weiss, J.

While defendant was serving a 15-year-to-life sentence upon a homicide conviction, he met plaintiff who was teaching in a college program for inmates at Great Meadow Correctional Facility. In September 1975, defendant's request for permission to marry plaintiff was denied by the Superintendent of Auburn Correctional Facility as prohibited by Civil Rights Law § 79-a. On February 24, 1978, however, plaintiff and defendant participated in a religious marriage ceremony performed by a Catholic priest within the facility, albeit without a license, blood test or consummation of the marriage. Thereafter, the parties filed joint income tax returns and plaintiff acted as a consultant to a not-for-profit corporation formed by defendant. They have never cohabited as husband and wife. On October 18, 1984, plaintiff commenced this action for divorce on the ground of defendant's incarceration in excess of three years subsequent to the marriage and/or a declaration of the invalidity of the marriage. Defendant answered and served a cross complaint for divorce on grounds of cruel and inhuman treatment, and abandonment and adultery and he also sought equitable distribution of the marital property and other pendente lite relief. Special Term granted plaintiff's motion for summary judgment declaring the marriage void *ab initio* pursuant to Civil Rights Law § 79-a (1), giving rise to this appeal by defendant.

As Special Term correctly determined, Civil Rights Law § 79-a prohibits the marriage of an inmate serving a sentence of life imprisonment, thus rendering the purported marriage herein a legal nullity *(see, Matter of Fitzpatrick v Smith,* 90 AD2d 974, 975, *affd* 59 NY2d 916, *cert denied* 464 US 963). We further find that the statute passes constitutional muster *(supra; see, Johnson v Rockefeller,* 365 F Supp 377, *affd sub nom. Butler v Wilson,* 415 US 953). Defendant's attempt to distinguish the *Johnson* decision as outdated, since it was decided prior to the implementation of the "Family Reunion Program" by the Department of Correctional Services (7 NYCRR part 220), does not compel a contrary conclusion *(see,*

*Ferrin v New York State Dept. of Correctional Servs.,* 124
AD2d 265). Participation in this program is a privilege, not a
right, conditioned upon documentation of a valid marriage
license *(see, Matter of Mary of Oakknoll v Coughlin,* 101 AD2d
931, 932; 7 NYCRR 220.3 [d] [1]). Finally, while the provisions
of Domestic Relations Law § 236 (B) expressly apply to actions
for a declaration of the nullity of a void marriage (Domestic
Relations Law § 236 [B] [2]), we discern no impropriety in
Special Term's determination not to award defendant any
monetary relief. It would be incongruous to find defendant
entitled to an equitable distribution of the parties' assets,
when as a consequence of his life term of imprisonment, he is
statutorily "deemed civilly dead" (Civil Rights Law § 79-a [1]).
Accordingly, the order and judgment of Special Term should
be affirmed.

Order and judgment affirmed, without costs. Mahoney, P. J.,
Kane, Casey, Weiss and Levine, JJ., concur.