OPINION OF THE COURT
Ralph Diamond, J.
The application by the plaintiff for an order granting her summary judgment as to the cause of action contained in the complaint herein seeking the declaration of the nullity of a void marriage and the defendant’s cross motion seeking an order granting him leave to serve an amended answer including a counterclaim for divorce on the grounds of adultery raise what appears to be an issue of first impression, to wit: is equitable distribution of marital assets pursuant to Domestic Relations Law § 236 (B) (5) applicable in a proceeding to declare the nullity of a void marriage?
FACTS
The parties herein were married on November 28, 1980 in Las Vegas, Nevada. There is one issue of this marriage, Kristin Rashkov, born July 12, 1985. On November 29, 1979, the plaintiff wife, Anne K. Rashkov, married Konstantin Karatzikos in Queens, New York. By verified complaint sworn to on September 3, 1987, the plaintiff wife seeks a judgment declaring the marriage between the parties herein to be a nullity and void on the basis that she was legally married to Konstantin Karatzikos on the date she was married to the defendant, Rashko Rashkov. By verified answer and counterclaim sworn to on September 18, 1987, the defendant husband also seeks a judgment declaring the marriage of the parties herein a nullity and void on the basis that at the time of the parties’ marriage, the plaintiff Anne K. Rashkov was married *826 to Konstantin Karatzikos. By notice of motion originally returnable October 23, 1987, the plaintiff wife seeks summary judgment on her action seeking a judgment declaring the marriage between the parties to be a nullity and void. By notice of cross motion, the defendant husband seeks an order granting him leave to serve an amended answer with a second counterclaim alleging adultery as grounds for a divorce. He also seeks to amend his answer to add equitable distribution as part of the relief sought on his counterclaims. Additionally, the defendant husband has made application for court-ordered discovery. The defendant husband’s proposed counterclaim recites that upon information and belief, commencing on or about August 1987, at unknown times and places in Nassau County, the plaintiff wife has committed adultery.
DEFENDANT’S ARGUMENTS
The defendant husband opposes plaintiff wife’s motion for summary judgment on the basis that he believes that Konstantin Karatzikos is available to testify in court. The defendant husband does not, however, contest plaintiff wife’s assertion that she was married to Mr. Karatzikos when she married the defendant. The defendant husband also cites the prohibition against granting reverse summary judgment to a nonmoving party set forth in CPLR 3212 (e) as grounds for denial of plaintiff wife’s application for summary judgment.
Regarding the issue of disposition of the parties’ assets, the defendant husband contends that pursuant to Domestic Relations Law § 236 (B) (2) an action to declare the nullity of a void marriage is a matrimonial proceeding and that the statutory provisions regarding equitable distribution of marital assets are applicable.
PLAINTIFF’S ARGUMENTS
The plaintiff wife’s reply urges the court to deny the defendant husband’s application for leave to serve an amended answer and to grant her summary judgment. The plaintiff wife contends that while equitable distribution is available in the context of a proceeding to annul a voidable marriage, equitable distribution is not applicable in an action to declare the nullity of a void marriage. Plaintiff wife contends that the defendant husband is now seeking to interpose a counterclaim for divorce solely for the purpose of obtaining equitable distribution.
*827 ISSUES
(a) Is the wife entitled to summary judgment as to her cause of action seeking a declaration that her marriage to the defendant is a nullity and void?
(b) Does the Domestic Relations Law in the State of New York direct a court, upon the declaration that a marriage is a nullity and void, to provide for the equitable distribution of the parties’ assets according to promulgated statutory standards?
CONCLUSIONS OF LAW
Both parties have heretofore executed verified pleadings which state that the plaintiff wife was legally married to another man on the date of the purported marriage of the parties herein. The defendant has raised no issue of fact which requires a hearing as to the status of the parties’ marriage. A marriage entered into while one party is married to a third party is void ab initio. No judicial declaration is required to free a party from a void marriage although statutory procedures are available to obtain a declaration that a marriage is a nullity and void. (Landsman v Landsman, 302 NY 45; Brodlieb v Brodlieb, 32 Misc 2d 347; Maiorana v Salerno, 133 NYS2d 521; Ray v Ray, 193 Misc 131.) The prohibition against reverse summary judgment is not relevant particularly in view of the fact a judicial declaration is not even a prerequisite to the termination of the relationship of these parties as husband and wife. The plaintiff wife is entitled to summary judgment declaring the marriage of the parties void ab initio. As the purported marriage herein is declared void ab initio, the defendant husband’s application for leave to interpose a counterclaim of adultery is denied.
Having determined that the plaintiff wife is entitled to summary judgment declaring the marriage a nullity and void ab initio, the court must address the issue as to whether or not the court must equitably distribute the parties’ assets according to statutory standards.
Domestic Relations Law § 236 (B) (2), entitled "Matrimonial actions”, provides that "[e]xcept as provided in subdivision five of this part, the provisions of this part shall be applicable to actions for an annulment or dissolution of a marriage, for a divorce, for a separation, for a declaration of the nullity of a void marriage, for a declaration of the validity or nullity of a foreign judgment of divorce, for a declaration of *828 the validity or nullity of a marriage * * * commenced on and after the effective date of this part” (emphasis added). It is clear that an action to declare the nullity of a void marriage is a matrimonial action as defined by this section. (See, Stimpfle-Jones v Jones, 124 AD2d 869; Brandt v Brandt, NYLJ, Nov. 19, 1987, at 30, col 5.)
Domestic Relations Law § 236 (B) (6) (a) empowers a court to award temporary maintenance and maintenance in any matrimonial proceeding. Domestic Relations Law § 236 (B) (7) (a) empowers the court to direct payment of temporary child support and child support in any matrimonial proceeding. Domestic Relations Law § 236 (B) (8) empowers the court to direct a party to maintain health and life insurance in any matrimonial action. It is clear that the court has discretion, as justice requires, to award maintenance, child support and make provision for insurance coverage in an action to declare the nullity of a void marriage. (Neither party herein seeks an award of maintenance in the context of these proceedings. As maintenance is a statutory right unknown at common law, maintenance may only be granted when specifically authorized by statute. [Querze v Querze, 290 NY 13, mot to amend remittitur denied 290 NY 765.] Domestic Relations Law § 236 [A] has been interpreted to permit a court, in its discretion, under appropriate circumstances, to award permanent maintenance upon granting a judgment declaring a marriage to be void ab initio. [Zeitlan v Zeitlan, 31 AD2d 955, affd 26 NY2d 835, rearg denied 27 NY2d 670.] Under Domestic Relations Law § 236 [B] an award of maintenance would be within the court’s discretion upon declaration of the nullity of a void marriage.)
Domestic Relations Law § 236 (B) (5) (a), "Distribution of property in certain matrimonial actions” (emphasis added), which provides for equitable distribution of marital property, is not, however, applicable to all matrimonial proceedings. This statute provides that in an action wherein all or part of the relief granted is divorce, or dissolution, annulment or declaration of the nullity of a marriage, the court shall determine the respective rights of the parties in their separate or marital property and shall provide for the disposition thereof in the final judgment. Actions for separation, actions to declare the nullity of a foreign judgment of divorce and actions to declare the nullity of a void marriage are not included as matrimonial actions in which equitable distribution of marital property is available. It is clear that it is not *829 appropriate for a court to equitably distribute marital assets in an action for separation as the marital relationship is not being terminated. If a foreign judgment of divorce is declared a nullity, the effect would be to declare the parties validly married, so that it would not be appropriate for a court to direct distribution of the parties’ property. Similarly, distribution of property would be improper in the context of an action to declare the nullity of a void marriage. If the action is denied, the parties are validly married; if the action is granted, not only were the parties never married, but one party may, in fact, still be legally married to a third person. The exclusion of an action for the declaration of the nullity of a void marriage from Domestic Relations Law § 236 (B) was not an "oversight” on the part of the Legislature, but rather evinces a clear legislative intent that actions for the declaration of the nullity of a void marriage as well as separation actions and actions for the declaration of the nullity of a foreign judgment of divorce not be subject to equitable distribution of marital assets.
A voidable marriage is void only from the date that the marriage is declared a nullity by a court of competent jurisdiction. (Domestic Relations Law § 7; Nakoneczna v Eisenberg, 60 AD2d 403.) A marriage occurring prior to dissolution of a previous marriage is however void ab initio. (Landsman v Landsman, 302 NY 45, supra.) In the context of certain proceedings to declare the nullity of a voidable marriage, a valid marriage exists until such time as the nullity of the marriage is declared and marital property is acquired from the date of the marriage until the date of the declaration of the nullity of the marriage by a court of competent jurisdiction. A marriage which is void from its inception due to the existence of a previous marriage is void from the date of the purported marriage. As a valid marital relationship never existed, there is no "marital property” subject to equitable distribution. While an action for the declaration of the nullity of a void marriage is clearly defined as a matrimonial action pursuant to Domestic Relations Law § 236 (B) (2), it is uncontrovertible that equitable distribution of marital assets is available only in certain matrimonial actions and that an action for the declaration of the nullity of a void marriage was specifically excluded as an action in which equitable distribution was applicable. Further, as equitable distribution, like *830 maintenance, is a statutory right, not based in common law, the statute providing for equitable distribution must be strictly construed and the provisions of the equitable distribution statute may be applied by the court only in the specific actions set forth in the statute. (But see, Brandt v Brandt, NYLJ, Nov. 19, 1987, at 30, col 5, supra, wherein the court infers that equitable distribution could apply in an action to declare the nullity of a void marriage, but notes that the Legislature has set forth no standards to calculate, evaluate or distribute the property of parties to a marriage declared void ab initio.)
The court notes that pursuant to Domestic Relations Law § 236 (B) (3) an agreement making provision for ownership, division and distribution of the parties’ property is enforceable in a matrimonial action. The decision herein is without prejudice to the parties’ right to enter into such an agreement and is further without prejudice to the parties’ right to pursue any and all other claims or causes of action they may have in an appropriate forum in regard to jointly held or individually owned assets.
The ancillary issues of custody, child support and visitation are still outstanding and as regards child support, both sides are entitled to full financial disclosure.
Domestic Relations Law § 236 (B) (4) (a) provides that there shall be compulsory disclosure by both parties of their respective financial status in all matrimonial actions and proceedings in which alimony, maintenance or support is an issue. As child support is an issue which must be determined by the court, compulsory financial disclosure is required in this, proceeding.
ORDER OF THE COURT
Based upon the foregoing findings of fact and conclusions of law, it is hereby
Ordered, that the marriage of the parties herein entered into on November 28, 1980 in Las Vegas, Nevada, is declared null and void ab initio, and it is further,
Ordered, that the cross motion by the defendant husband for an order granting him leave to serve an amended answer with a counterclaim for divorce based upon grounds of adultery and with an amended prayer for relief seeking equitable distribution of marital assets is denied, and it is further,
*831 Ordered, that both parties are entitled to full financial disclosure on the issue of support for the child, Kristin, and it is further,
Ordered, that this action shall be calendared for a preliminary conference on November 25, 1987 at 11:00 a.m. for the purpose of scheduling court-ordered financial disclosure.