Barbara DeLyra, Respondent, v Raymund DeLyra, Appellant.

Second Department, October 3, 1988

APPEARANCES OF COUNSEL

*Philip F. Alba (Joseph C. Leshen* of counsel), for appellant.

*Westfal & Kiernan (Gary F. Westfal* of counsel), for respondent.

## OPINION OF THE COURT

LAWRENCE, J.

We reaffirm our earlier determination in *Lobotsky v Lobotsky* (122 AD2d 253, 254) that when a marriage is declared void, the property acquired during the parties' purported marriage and before the commencement of the action is subject to equitable distribution.

I

The pertinent facts may be briefly stated.

The plaintiff was purportedly divorced from Raphael Palma, her first husband, on January 17, 1972, pursuant to a decree of the Dominican Republic. She then married her second husband, Wesley Brittain, whom she purportedly divorced on September 6, 1977, pursuant to another decree of the Dominican Republic. Thereafter, the plaintiff married Raymund De-Lyra, the defendant herein, on October 14, 1977.

In 1984, after the DeLyras had purportedly been married for seven years, the plaintiff commenced this matrimonial action seeking a divorce and ancillary relief. In his second amended answer to the plaintiff's complaint, the defendant asserted a counterclaim seeking to declare the parties' marriage "null and void ab initio" on the ground that at the time the parties were purportedly married on October 14, 1977, the plaintiff was still married to her second husband, Wesley Brittain. Specifically, the defendant contended that while the plaintiff had allegedly divorced Brittain in the Dominican Republic in September 1977, there were certain defects with respect to the divorce proceeding which rendered the decree ineffectual to dissolve the Brittain marriage at that time.*

Thereafter, the defendant moved for summary judgment seeking dismissal of the plaintiff's complaint and judgment on

---

* Subsequently, in 1978, Wesley Brittain obtained a divorce from the plaintiff pursuant to a New Jersey divorce decree.

his counterclaim and the plaintiff cross-moved, in pertinent part, for equitable distribution of the parties' marital property. The Supreme Court, Nassau County (McCabe, J.), by order dated August 12, 1986, *inter alia,* partially granted the defendant's motion for summary judgment, by declaring the parties' marriage "void ab initio" based upon the fact that the plaintiff had not validly divorced Brittain prior to her marriage to the defendant. By order dated March 31, 1987, the court, *inter alia,* granted that branch of the plaintiff's cross motion which requested equitable distribution of the parties' marital property, and by further order dated April 28, 1987, a discovery schedule was determined and a date was set for the trial on the issue of equitable distribution of the parties' marital property. The defendant now appeals from these latter two orders to the extent that the trial court directed a determination of the issue of equitable distribution.

## II

Domestic Relations Law § 236 (B) provides, in pertinent part, that:

"Maintenance and distributive award. 1. Definitions. Whenever used in this part, the following terms shall have the respective meanings hereinafter set forth or indicated * * *

"c. The term 'marital property' shall mean all property acquired by either or both spouses during the marriage and before * * * the commencement of a matrimonial action * * *

"2. Matrimonial actions. Except as provided in subdivision five of this part, the provisions of this part shall be applicable to actions for an annulment or dissolution of a marriage, for a divorce, for a separation, for a declaration of the nullity of a void marriage, for a declaration of the validity or nullity of a foreign judgment of divorce, for a declaration of the validity or nullity of a marriage, and to proceedings to obtain maintenance or a distribution of marital property following a foreign judgment of divorce * * *

"5. Disposition of property in certain matrimonial actions. a. Except where the parties have provided in an agreement for the disposition of their property pursuant to subdivision three of this part, the court, in an action wherein all or part of the relief granted is divorce, or the dissolution, annulment or declaration of the nullity of a marriage, and in proceedings to obtain a distribution of marital property following a foreign judgment of divorce, shall determine the respective rights of

the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment."

## III

The defendant asserts that when a marriage is declared to be void, equitable distribution is not available to the parties. In support of this argument, the defendant claims that while Domestic Relations Law § 236 (B) (2) includes an "action * * * for a declaration of the nullity of a void marriage" as one of the actions to which Domestic Relations Law § 236 (B) generally applies, Domestic Relations Law § 236 (B) (5) (a) limits the availability of equitable distribution, in pertinent part, to actions "wherein all or part of the relief granted is * * * the dissolution, annulment or declaration of the nullity of a marriage". Thus, it is the defendant's contention that since an action to declare the nullity of a void marriage was not specifically mentioned in Domestic Relations Law § 236 (B) (5) (a), the Legislature did not intend that the parties to such an action could seek equitable distribution of their marital property. We find that the defendant's challenge to the trial court's determination that "there shall be equitable distribution of the marital property" of the parties is without merit.

Domestic Relations Law § 236 (B) (2) distinguishes between an action for the declaration of the nullity of a marriage and an action for the declaration of the nullity of a void marriage. However, the limitation in Domestic Relations Law § 236 (B) (5) (a) concerns the "relief granted" in the parties' matrimonial action. In an action to declare the nullity of a void marriage the "relief granted" is the "declaration of the nullity of [the] marriage" (Domestic Relations Law § 236 [B] [5] [a]; see, Domestic Relations Law § 248, which provides, in pertinent part, that an action for a declaration of the nullity of a void marriage may result in a judgment "declaring its nullity"). Thus, we find that the statutory language does provide that in a void marriage situation the parties may seek equitable distribution of their marital property (see, also, Stimpfle-Jones v Jones, 124 AD2d 869, 870, appeal dismissed 69 NY2d 1037; Brandt v Brandt, NYLJ, Nov. 19, 1987, at 30, cols 5-6).

Further, while we have not been able to locate any legislative history as to the reason for the specific language used in Domestic Relations Law § 236 (B) (5) (a), it appears that the purpose of the limitation is to preclude equitable distribution in those matrimonial actions in which the judgment or decree

does not completely terminate the parties' marital status *(see,* 1 Foster, Freed and Brandes, Law and the Family New York § 3:16, at 83 [2d ed 1987]; 11C Zett-Kaufman-Kraut, NY Civ Prac—Equitable Distribution Actions § 60.02 [2]; § 64.01 [1]; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C234:1, at 74; C236B:23, at 270-272; Tippins, New York Matrimonial Law and Practice § 1.18, at 36-37 [1986]). The declaration of a void marriage, however, confirms the invalidity of the marriage, thereby completely terminating the parties' economic partnership.

While a spouse need not seek a declaration nullifying a void marriage *(see, Maiorana v Salerno,* 133 NYS2d 521; *Ray v Ray,* 193 Misc 131), nevertheless, the Legislature has provided that the parties to such a marriage can have it declared void during their lifetimes *(see,* Domestic Relations Law § 140 [a]). Further, the Legislature has envisioned circumstances where it might be appropriate to grant economic relief to a spouse who has participated in a ceremonial marriage and has lived in a "marital" relationship, despite the fact that the parties' marriage was void and a valid marital relationship never existed between the parties. The Domestic Relations Law specifically provides that in an action to declare the nullity of a void marriage, a spouse may seek certain economic relief, including: (1) sequestration of the defendant's property, both real and personal, and whether tangible or intangible, within the State (Domestic Relations Law § 233), (2) a determination of any question as to the title to property arising between the parties and a direction, between the parties, concerning the possession of property (Domestic Relations Law § 234), (3) alimony (Domestic Relations Law § 236 [A]) or maintenance (Domestic Relations Law § 236 [B] [6]), (4) counsel fees and expenses to carry on the action (Domestic Relations Law § 237), (5) expenses in enforcement proceedings (Domestic Relations Law § 238), and (6) postjudgment security for payments by the defendant or sequestration of the defendant's property (Domestic Relations Law § 243). Indeed, as noted by some commentators, "the availability of economic relief may be a strong inducement for bringing a 'matrimonial action' to have [the] nullity [of the marriage] declared during the lifetimes of both parties" (1 Foster, Freed and Brandes, Law and the Family New York § 3.16, at 83 [2d ed 1987]). Therefore, contrary to the trial court's decision in *Rashkov v Rashkov* (137 Misc 2d 824), there is no basis for construing the statutory language in subdivision (5) (a) of Domestic Relations Law

§ 236 (B) so as to preclude equitable distribution of the parties' marital property in the context of a void marriage.

We find no merit to the defendant's attempt to distinguish our decision in *Lobotsky v Lobotsky* (122 AD2d 253, *supra*) from this case on the basis that in *Lobotsky* the "marital property" at issue was jointly owned property.

Equally unpersuasive is the defendant's contention that the plaintiff's equitable distribution claim should be barred because she is still married to her first husband, Raphael Palma. Contrary to the defendant's claim, there is insufficient proof in the record on appeal that the plaintiff's divorce from Palma was invalid. In any event, even if that marriage is still extant, the issue in this case is the equitable distribution of the property, if any, which was acquired by the parties after their marriage and until the commencement of this action. Domestic Relations Law § 236 (B) (1) (c) and (5) (d), (e) and (f), which indicate "how the courts [are] to categorize, evaluate and distribute" marital property, are equally applicable upon the judicial termination of a void marriage, as well as the judicial termination of a valid marriage *(cf., Brandt v Brandt,* NYLJ Nov. 19, 1987, at 30, col 6, *supra).* Those provisions permit the court to take into consideration the equities of the parties' situation in making an appropriate distribution *(see,* 1 Foster, Freed and Brandes, Law and the Family New York § 3.16, at 83 [2d ed 1987]).

## IV

We therefore hold that the property acquired during the parties' purported marriage and before the commencement of this action should be equitably distributed between them (Domestic Relations Law § 236 [B] [1] [c]; [5]; *see, Lobotsky v Lobotsky,* 122 AD2d 253, 254, *supra).*

Accordingly, the March 31, 1987 order should be affirmed insofar as appealed from and the April 23, 1987 order should be affirmed.

BROWN, J. P., WEINSTEIN and EIBER, JJ., concur.

Ordered that the order dated March 31, 1987 is affirmed insofar as appealed from, and the order dated April 23, 1987 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.