■ LYNNE MINK, Respondent, v ROBERT J. MINK, JR., Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.), entered October 21, 1988 in Columbia County, which granted plaintiff a divorce, ordered equitable distribution of the parties' marital property and awarded plaintiff custody, child support and attorney's fees upon a decision of the court.

The parties were married four years and produced one child. Prior to their marriage, they purchased a home as joint tenants in the Village of Valatie, Columbia County, for $27,000 with a $10,000 cash down payment, made by defendant from his own funds, and the parties' assumption of a $17,000 mortgage obligation. When the parties separated, the home was valued at $48,800 and the mortgage balance was $15,800.

At the outset of the marriage, defendant in his own right had two motorcycles, a gun collection, a car and real estate located on Maiden Lane in the Town of Chatham, Columbia County. Plaintiff also owned a motorcycle and a car. Shortly after the marriage, they opened a joint savings account with a $12,800 deposit. During the marriage both were employed. When plaintiff left defendant, she took $22,600 from this account, which at that time contained approximately $44,600; she left untouched a joint checking account containing $600. Plaintiff instituted this divorce action which seeks in part equitable distribution of the marital property.

Following a nonjury trial, Supreme Court unreservedly found plaintiff to be the more credible witness. The court granted plaintiff a divorce, awarded her custody of the parties' 2½-year-old child with visitation privileges to defendant, ordered the latter to pay child support of $55 per week in addition to arrearages totaling $1,905.65, and required defendant to contribute $2,000 towards plaintiff's legal fees. Supreme Court further divided the parties' property (see, Domestic Relations Law § 236 [B] [5]) as follows: the marital residence was to be sold, and from the proceeds thereof defendant was to be reimbursed $10,000 for the downpayment he had made from his separate property, with the balance of the sale proceeds being shared equally by the parties; the practical

division effected by the parties of their savings account was endorsed in that plaintiff was to retain the $22,600 she removed from the account; defendant was to pay plaintiff $3,000 plus interest for an IRA account worth $6,000; each party was to keep their own motorcycle, car and those home furnishings in their possession, and defendant was to have the gun collection. Defendant appeals.

We disagree with Supreme Court's resolution in only two respects. First, the court failed to credit defendant with $2,500, the amount which plaintiff acknowledged defendant paid in closing costs to acquire the marital property. Defendant is entitled to a return of the total contribution he made toward the purchase of the marital residence from his separate property *(see, Cunningham v Cunningham,* 105 AD2d 997, 998). Accordingly, he should receive $12,500 instead of $10,000 from the net proceeds of the sale of the marital residence after which the balance of the sale proceeds are to be divided equally.

Second, defendant was not accorded that portion of the savings account representing proceeds derived from the sale of his separate property *(see generally,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:8, at 211-212). While married, defendant sold the separately owned Maiden Lane real estate and deposited $7,500, or thereabouts, from this sale into the parties' joint savings account. Plaintiff agreed at trial that defendant deposited these proceeds into the account. This portion of defendant's separate property having been incontestably traced to the parties' savings account, he should have been credited for this amount *(cf., Lischynsky v Lischynsky,* 120 AD2d 824, 826) together with the interest accruing thereon. We agree with Supreme Court, however, that defendant failed to adequately identify the additional sums he claims to have contributed to the savings account from the sale of other personal property. Inasmuch as $7,500, with interest thereon, of the $44,600 joint savings account was directly attributable to the sale of defendant's separate real property, only the balance then remaining in the savings account should have been divided equally between the parties *(see, Angelo v Angelo,* 74 AD2d 327, 330). The amount to be credited to defendant is to be arrived at as follows: $44,600 (plus $600 joint checking account) minus $7,500, together with interest which accrued on this latter amount; the balance remaining is to be shared equally by the parties; defendant is to then be credited with the difference between one half of the remaining balance

and $22,600, which plaintiff withdrew from the parties' joint savings account.

Judgment modified, on the facts, without costs, by (1) allowing defendant to recover $12,500 instead of $10,000 from the sale of the marital home, with the balance of the net proceeds to be divided equally, and (2) ordering plaintiff to reimburse defendant that sum which represents that portion of the proceeds of the savings account withdrawn by her but to which she is not entitled in accordance with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.