Valente v Cabral (2019 NY Slip Op 08241)





Valente v Cabral


2019 NY Slip Op 08241


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-13291
 (Index No. 6355/16)

[*1]Jack Valente, respondent,
v
Gina Cabral, appellant.


J. Douglas Barics, Commack, NY, for appellant.
Hedayati Law Group, P.C., Melville, NY (Herbert A. Smith, Jr., of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Domestic Relations Law § 140(a) for a judgment declaring the nullity of a void marriage, the defendant appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated November 10, 2016. The order, insofar as appealed from, denied those branches of the defendant's motion which sought maintenance and the equitable distribution of marital assets.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
The plaintiff and the defendant were married on April 24, 2000. However, on the date of the marriage, the defendant, who had been married previously, was not yet legally divorced. In June 2016, the plaintiff commenced this action pursuant to Domestic Relations Law § 140(a) for a judgment declaring the nullity of the parties' void marriage. The defendant moved, inter alia, for maintenance and the equitable distribution of marital assets, and the plaintiff cross-moved, among other things, for summary judgment declaring the nullity of the void marriage.
In an order dated November 10, 2016, the Supreme Court granted that branch of the plaintiff's cross motion which was for summary judgment declaring the nullity of the parties' void marriage on the ground that the defendant's marriage to a prior living spouse had not been terminated prior to her marriage to the plaintiff. The court denied those branches of the defendant's motion which sought maintenance and the equitable distribution of marital assets, reasoning that no rights to such relief could flow from a void marriage. The defendant appeals from so much of the order as denied those branches of her motion.
The Supreme Court erred in denying the defendant's request for maintenance and equitable distribution on the ground that the marriage was a nullity. Domestic Relations Law § 236 expressly provides that, "[i]n any action or proceeding brought . . . during the lifetime of both parties to the marriage to . . . declare the nullity of a void marriage, . . . the court may direct either spouse to provide suitably for the support of the other" (Domestic Relations Law § 236[A][1]; see DeLyra v DeLyra, 141 AD2d 75, 79, affd 74 NY2d 872, 873). The statute further provides that "the court, [*2]in an action wherein all or part of the relief granted is . . . declaration of the nullity of a marriage, . . . shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment" (Domestic Relations Law § 236[B][5][a]; see DeLyra v DeLyra, 74 NY2d at 873; David v Pillai, 303 AD2d 708; Meier v Meier, 156 AD2d 348, 350; Brandt v Brandt, 149 AD2d 646; see also Lanza v Carbone, 130 AD3d 689, 693; Matter of Joseph S., 25 AD3d 804, 806).
Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Suffolk County, for a new determination of those branches of the defendant's motion which sought maintenance and the equitable distribution of marital assets as provided by Domestic Relations Law § 236(A)(1) and (B)(5).
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court