JUDITH BRABAW, Appellant, v CEYLON C. BRABAW, Respondent. — Weiss, J. Appeal from a judgment of the Supreme Court ordering equitable distribution of the parties' marital property, entered November 23, 1983 in St. Lawrence County, upon a decision and supplemental decision of the court at Trial Term (Harvey, J.), without a jury.

This separation action was commenced on or about July 9, 1981. The parties had separated at least three times and on one occasion, May 11, 1981, executed and acknowledged a quitclaim deed (erroneously characterized by plaintiff as a warranty deed) which was recorded on August 5, 1981. The deed, which conveyed to plaintiff four parcels of realty which had been held as tenants by the entirety, contained the recitation, "These transfers are made as part consideration for the separation of the parties to this deed." The affirmative defense in the amended answer alleges that defendant suffered from emotional stress and disturbance and was not represented by counsel at the time the deed was executed and that the execution was under duress. Defendant sought rescission of the deed and return of the property, together with an accounting of the income therefrom. Special Term granted plaintiff's motion for partial summary judgment striking the affirmative defense.

The case was reached for trial in June 1983. By stipulation, it was converted to an uncontested action for divorce, with issues of equitable distribution (Domestic Relations Law § 236 [B] [3], [5]) and maintenance for the wife to be decided by the court upon submission of written proof of the parties in lieu of testimony in open court. After a written decision and supplemental decision, Trial Term awarded possession of and title to the marital residence to plaintiff, and the apartment house, wood lot, vacant lot and one-half interest in the hunting camp to defendant, disregarding the transfers in the earlier quitclaim deed. Plaintiff has appealed only from so much of the judgment as awarded defendant possession of and title to the four parcels of realty.

The central issue is whether the quitclaim deed can be construed as an "agreement of the parties" which effectively made "provision for the ownership, division or distribution of separate and marital property" (Domestic Relations Law § 236 [B] [3] [2]). The instrument cannot pass muster as an agreement within the statutory contemplation despite the inclusion of the sentence, "These transfers are made as part consideration for the separation of the parties to this deed." Those very words demonstrate that the deed is but *part* of a separation, and that the remainder does not appear anywhere in the record. The parties concede that a formal written separation agreement was subsequently

rejected by defendant. Since many items and conditions, such as manifestation of the vitally important intent to live separate and apart (*see, Christian v Christian,* 42 NY2d 63, 69; *Sagan v Sagan,* 73 AD2d 509, *mod* 53 NY2d 635) and provision for maintenance are absent, the deed cannot suffice as a separation agreement. Since the term "marital property" means all property acquired during the marriage "regardless of the form in which title is held" at the time of trial (Domestic Relations Law § 236 [B] [1] [c]), it was proper for Trial Term to consider the realty as marital property in the final judgment (*see* Domestic Relations Law § 236 [B] [5]) and disregard the prior transfer.

Judgment affirmed, with costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.