■ ELEANOR GLASBERG, Respondent, v EDWIN GLASBERG, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered December 13, 1982, the defendant appeals from so much of an order of the Supreme Court, Nassau County (McGinity, J.), entered August 22, 1988, as awarded the plaintiff 50% of the funds maintained in his pension and profit-sharing plans as of November 30, 1980, and 50% of the earnings on those funds between the date of the commencement of the action and the date of the trial.

Ordered, that the order is modified, by (1) adding to decretal paragraph 3 (b) the words "of $64,110" after the words "account balance" and (2) adding to decretal paragraph 10 (b) the words "of $122,455" after the words "account balance"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Upon review of the respective financial circumstances of the parties, the duration of the marriage and the wife's contributions to the marital relationship as a homemaker and parent, we conclude that the court did not err in awarding the wife a lump sum payment equal to 50% of the funds maintained in the husband's pension and profit-sharing plans as of the date the matrimonial action was commenced (see, e.g., Marcus v Marcus, 137 AD2d 131; Gluck v Gluck, 134 AD2d 237). Although, as a consequence of this award, the wife received a greater share than the husband of the parties' total marital assets, we find that the award was justified in view of the parties' financial circumstances, including the husband's substantial separate assets (see, Ruvolo v Ruvolo, 133 AD2d 364).

The parties stipulated as to the amount of funds maintained by the husband in the pension and profit-sharing plans which

accumulated during the marriage and prior to the commencement of the action. The husband does not dispute that these funds constituted marital property *(see, Majauskas v Majauskas,* 61 NY2d 481; *Marcus v Marcus, supra).* However, the husband contends that the court erred in awarding the wife 50% of the interest earned on those funds between the date the action was commenced and the date of the trial. Contributions to a spouse's pension fund after a matrimonial action is commenced constitute separate property and are therefore not subject to equitable distribution *(see, Marcus v Marcus, supra).* Here, the parties stipulated to the amount of interest which was earned on the marital portion of the funds maintained in the husband's pension and profit-sharing plans and excluded from the calculations any contributions to the plans after the action was commenced. Under these circumstances, we find no error in the court's decision to award to the wife 50% of the interest earned on the marital portion of those funds. The language in the order has been modified to clarify that the amount of earnings awarded to the wife is to be based solely on the marital portion of the funds in the husband's plans as of November 30, 1980. Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.