■ Dorothy Silberman, Respondent, v Herbert Silberman, Appellant. [627 NYS2d 392] —Orders and judgment, Supreme Court, New York County (David Saxe, J.), entered February 9, 1993, May 20, 1993, and on or about July 20, 1993, which, in an action for divorce, (1) directed the manner for compliance with the parties' stipulation of settlement and set a date for a compliance hearing, (2) determined after the compliance hearing that defendant had failed to comply with the stipulation and awarded plaintiff damages attributable to such noncompliance, and (3) denied defendant's motion to vacate the aforesaid judgment, unanimously modified, on the law, the facts, and in the exercise of discretion, to amend the aforesaid judgment so as to provide that plaintiff is entitled to 40%, not 60%, of the legal fees earned by defendant in the case, specified in the stipulation, and otherwise affirmed, without costs.

The IAS Court properly exercised its discretion first in refusing defendant's attorney's request for an adjournment of the compliance hearing and then in denying defendant's motion to vacate the judgment on the ground of excusable default. While the judgment issued following a hearing at which defendant was unable to appear, the record confirms that he was represented by counsel throughout, and that the judgment, therefore, was not entered upon a default.

The award of counsel fees attributable to plaintiff's efforts to compel defendant's compliance with the parties' stipulation of settlement was also a proper exercise of discretion that did not require a full hearing, since plaintiff's attorney testified to the extent and nature of his services at the compliance hearing and the court was familiar with the parties' relative financial positions. An award under Domestic Relations Law § 237 or § 238 is committed to the sound discretion of the trial court, which is "in a superior position to judge those factors integral to the fixing of counsel fees" *(Levine v Levine*, 179 AD2d 625, 626), such as the financial circumstances of the parties, the cir-

cumstances of the case as a whole, including the relative merit of the parties' positions, and the time, effort and skill required of counsel (see, *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881), and we decline to disturb it.

We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Mazzarelli, JJ.