■ In the Matter of JUDY BALDINO, Respondent, v ANTHONY BALDINO, Appellant. [648 NYS2d 643] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Ludmerer, J.), dated September 21, 1995, which denied his objections to an order of the same court (Mandell, H.E.), dated July 5, 1995, which denied his application for a downward modification of child support.

Ordered that the order dated September 21, 1995, is reversed, on the law, with costs, the order dated July 5, 1995, is vacated, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.

The father herein, a noncustodial parent, filed a petition to reduce his court ordered support obligation upon the ground that he had been placed on disability due to a back injury and was unable to find employment. After a hearing, the Family Court Hearing Examiner denied the father's petition for modification and directed him to pay $632 per month for the support of his two handicapped children. The father filed objections to the order alleging, *inter alia,* that the Hearing Examiner improperly deviated from the guidelines in the Child Support Standards Act for computing basic child support. The Family Court granted the father's objection to the extent of remanding the matter to the Hearing Examiner for clarification. Following the issuance of a supplemental order, the father filed additional objections, alleging, *inter alia,* that the Hearing Examiner erred in concluding that the mother had no income. The Family Court rejected the father's objections. We reverse.

This matter must be remitted for a new determination. At the hearing the mother testified that pursuant to the separation agreement entered into by the parties and incorporated into the divorce judgment, she is entitled to receive, and does in fact receive, maintenance payments of $253 per month from the father's New York City Police Department pension. The

Hearing Examiner concluded that "the mother has no income", apparently because she was unemployed. We do not agree.

Pursuant to Internal Revenue Code § 71 (b) (26 USC 71 [b]), gross income includes "cash" payments received as alimony or separate maintenance so long as the payment is received by a spouse under a divorce or separation decree, the divorce or separation decree does not designate the payment as not includable in gross income, the parties are not members of the same household, and there is no liability to make such payment for any period after the death of the payee spouse. Accordingly, the maintenance received by the mother was properly includable in her gross income (see, Domestic Relations Law § 240 [1-b] [b] [5] [i]).

However, with respect to the Supplemental Security Income disability benefits received by the mother for her son, which range from $60 to $266 per month, "benefits received by children under certain government welfare programs should not be considered income to the parent for purpose of calculating the parent's means" (Matter of Graby v Graby, 87 NY2d 605, 611). Therefore, these payments are not includable in her gross income. Mangano, P. J., Rosenblatt, Sullivan and Hart, JJ., concur.