■ In the Matter of Michiko Lee, Respondent, v Ping Lee, Appellant. [719 NYS2d 871] —In a proceeding pursuant to the

Uniform Support of Dependents Law (Domestic Relations Law art 3-A), the father appeals from an order of the Family Court, Queens County (Salinitro, J.), dated June 29, 1999, which denied his objections to an order of the same court (Gartner, H.E.), dated April 7, 1999, terminating his child support obligation only as of January 28, 1995, and fixed child support arrears at $9,540.

Ordered that the order is modified, on the facts, by reducing the amount of child support arrears to $9,420; as so modified, the order is affirmed, with costs to the petitioner.

The father's child support obligation ceased on January 28, 1995, the date his youngest child turned 21 years of age (see, Family Ct Act § 413; Domestic Relations Law § 32 [3]; Lucas v Fiero, 138 AD2d 488).

The Hearing Examiner properly refused to credit the father's voluntary payments to the parties' children against his total arrears (see, Minka v Minka, 219 AD2d 810; Fabrizio v Fabrizio, 125 AD2d 634; Lefkow v Lefkow, 188 AD2d 589). However, the Hearing Examiner incorrectly calculated the father's child support arrears to be $9,540. In a statement dated September 16, 1998, the Support Collection Unit assessed child support arrears against the father in the amount of $9,600, representing unpaid support payments through January 27, 1995. However, in a subsequent statement dated April 7, 1999, the Support Collection Unit noted that the father had paid $180 towards this outstanding balance, which served to reduce the total amount owed to $9,420.

The father's remaining contentions are without merit. Krausman, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.