■ JOHN GAGSTETTER, Respondent-Appellant, v LOIS GAGSTETTER, Appellant-Respondent. [727 NYS2d 435] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Mahon, J.), entered August 25, 1999, which, *inter alia,* failed to award her an attorney's fee, awarded custody of the parties' minor son to the plaintiff, directed her to pay $598 per month in child support, purportedly directed her to pay a portion of the Law Guardian fees, failed to award her a money judgment in the sum of $10,453 representing certain arrears allegedly owed by the plaintiff, directed the plaintiff to obtain life insurance coverage for himself in the sum of only $100,000, equitably distributed the parties' property, and failed to award her the amount of interest and penalties incurred for unpaid property taxes and other expenses on the parties' commercial property in Elmont, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same judgment, which, *inter alia,* imputed

income to him in the sum of $180,000, and directed him to pay $130,000 to the defendant to satisfy the mortgage on the marital residence.

Ordered that the appeal from so much of the judgment as awarded custody of the parties' minor son to the plaintiff and purportedly directed the defendant to pay a portion of the Law Guardian fees is dismissed; and it is further,

Ordered that the judgment is modified, on the law and as an exercise of discretion, by (1) deleting the fifth and sixth decretal paragraphs thereof, (2) adding to the tenth decretal paragraph thereof a provision awarding the defendant 50% of the interest earned, if any, on the plaintiff's pension fund and individual retirement accounts from the date the divorce action was commenced to the date of the judgment to the extent that such interest is attributable to the value of those assets as of the date this action was commenced, (3) deleting from the thirteenth decretal paragraph thereof the sum of $100,000 and substituting therefor the sum of $500,000, (4) deleting the eighteenth decretal paragraph thereof and substituting therefor a decretal paragraph awarding the defendant an attorney's fee in connection with her defense of the plaintiff's cross motion, in effect, to declare that the parties' daughter was emancipated, (5) adding a decretal paragraph thereto awarding the defendant the sum of $10,453, and (6) adding a decretal paragraph thereto awarding the defendant the sum of $2,115 for interest and penalties incurred on unpaid property taxes and other expenses in connection with the parties' commercial property in Elmont; as so modified, the judgment is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to determine the amount of interest, if any, which was earned on the plaintiff's pension and individual retirement accounts from the date of valuation until the date of the judgment and the attorney's fee due the defendant in connection with her defense of the plaintiff's cross motion to have their daughter declared emancipated, and thereafter for entry of an appropriate amended judgment.

The defendant's appeal from so much of the judgment as awarded the plaintiff custody of the parties' minor son is dismissed. That portion of the judgment was superseded by an order dated November 30, 2000, of the Supreme Court, Nassau County (Lockman, J.H.O.), transferring custody of the son back to the defendant. Accordingly, her appeal from that portion of the judgment is dismissed as academic. We reject the defendant's contention that we should review the custody determi-

nation on the ground that if the Supreme Court improperly awarded custody to the plaintiff she would be entitled to recoup any child support she paid (*see, Coleman v Coleman,* 61 AD2d 757; *see also, Baraby v Baraby,* 250 AD2d 201).

The defendant's appeal from so much of the judgment as purportedly directed her to pay a portion of the Law Guardian fee must also be dismissed. By order entered February 19, 1999, the Supreme Court, Nassau County (Schmidt, J.), awarded the Law Guardian a fee in the sum of $18,824, of which the defendant's share was $5,608. The Supreme Court directed the Clerk to enter judgment accordingly. The defendant's appeal from that order was dismissed for failure to perfect. Accordingly, the defendant is foreclosed from raising any issues regarding the order entered February 19, 1999 (*see, Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Bray v Cox,* 38 NY2d 350).

The Supreme Court properly denied the defendant an award of an attorney's fee in connection with her defense of this action. An award of an attorney's fee lies in the sound discretion of the trial court, after the court has taken into account the equities and circumstances of the particular case and the respective financial circumstances of each party (*see,* Domestic Relations Law § 237 [a]; *DeCabrera v DeCabrera-Rosete,* 70 NY2d 879; *Kearns v Kearns,* 270 AD2d 392). Under these circumstances, the Supreme Court providently exercised its discretion in determining that each party should be responsible for their own attorney's fees. However, by order dated March 22, 1998, the Supreme Court, Nassau County (Winslow, J.), awarded the defendant an attorney's fee in connection with her defense of the plaintiff's cross motion to have the parties' daughter declared emancipated. That order provided that the attorney's fee due the defendant would be "payable after hearing and trial of this action." Accordingly, the judgment should have awarded the defendant an attorney's fee pursuant to the order dated March 22, 1998, and the matter is remitted to the Supreme Court, Nassau County, to determine the reasonable attorney's fee.

The parties' separation agreement was incorporated but did not merge into the judgment of divorce. A separation agreement entered into by the parties in a divorce proceeding constitutes a contract between them which will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see, Wilson v Neppell,* 253 AD2d 493). The separation agreement provides that the plaintiff will maintain a life insurance policy on his life in the

amount of $500,000. Therefore, the Supreme Court erred in directing the plaintiff to maintain a policy in the sum of only $100,000.

The defendant is also entitled to reimbursement for interest and penalties she incurred for late payment of taxes and other expenses in connection with the parties' commercial property in Elmont. The separation agreement provides that the "[plaintiff] agrees that he will indemnify the [defendant] for any loss she may suffer" by his failure to make any payment under the agreement, including child support and maintenance. This indemnification provision covered "interest and penalties incurred on taxes and late payments of any kind as a result of the [plaintiff's] failure" to make any required payments. The agreement also provided that the defendant was responsible for paying the expenses on the Elmont property. At trial, the defendant established that because the plaintiff failed to make certain maintenance and child support payments she was forced to use rents she collected from the Elmont property to pay her living expenses instead of timely paying the expenses on that property. Accordingly, pursuant to the separation agreement she is entitled to reimbursement from the plaintiff for interest and late fees incurred on these expenses in the sum of $2,115.

The separation agreement also provides, *inter alia*, that the plaintiff's pension fund and individual retirement accounts would be treated as marital property and valued as of the date the divorce action was commenced. The agreement also provided that this property "shall be evaluated and distributed equally" and that the property "to be divided at such time shall include any increase in value" of such property. We disagree with the defendant's contention that she is entitled to any increase in value of the pension fund or individual retirement accounts from the date of commencement of this action to the date of the judgment. This was not the intent of the separation agreement (*see, Glasberg v Glasberg,* 162 AD2d 586; *Brennan v Brennan,* 103 AD2d 48). The defendant, however, is entitled to equitable distribution of interest, if any, which was earned on the above assets from the date of valuation until the date of the judgment to the extent such interest is attributable to funds which existed on the valuation date (*see, Glasberg v Glasberg, supra; Brennan v Brennan, supra*).

The defendant properly argues that she is entitled to the sum of $10,453, representing college tuition payments and other support payments that the plaintiff was directed to pay by prior orders of the Supreme Court, Nassau County, dated

November 21, 1996 (Franco, J.), and November 24, 1997 (Winslow, J.). At trial the defendant requested that the divorce judgment direct the plaintiff to pay these outstanding sums. Since the plaintiff did not appeal from the orders which directed those payments he is foreclosed from raising any issues regarding the propriety of those orders (*see, Rubeo v National Grange Mut. Ins. Co., supra*; CPLR 5501 [a] [1]). The defendant is also entitled to statutory interest on this sum from the date of the orders which directed the respective payments.

The separation agreement provides that the defendant is to receive title to the marital residence "free and clear of all encumbrances." The plaintiff correctly contends that the Supreme Court erred in ordering him to pay both the outstanding mortgage on the parties' marital residence and the sum of $130,000 plus interest to the defendant. This sum represents the outstanding balance on that mortgage. Accordingly, we delete the sixth decretal paragraph of the judgment which directs payment of this sum.

The parties' remaining contentions are without merit. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.