■ ANN C. FOGARTY, Respondent-Appellant, v MARTIN J. FOGARTY, Appellant-Respondent. [725 NYS2d 673] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated April 3, 2000, which, *inter alia*, after a nonjury trial, awarded the plaintiff wife maintenance in the sum of $350 per week for a period of six years, directed him to pay 77% of the educational expenses, child care, and health care expenses of the parties' children not covered by insurance, failed to award him a credit against arrears for child support and maintenance based on carrying charges he paid on the marital residence during the pendency of the action, failed to award him certain credits for allegedly separate property, and directed him to maintain a life insurance policy naming the children as irrevocable beneficiaries for the total amount of child support to be reduced each year by the amount of child support paid in the prior year, and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same judgment, which, *inter alia*, awarded her maintenance for only six years.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, by (1) deleting the sixth, ninth, tenth, eleventh, and twelfth decretal paragraphs thereof, and provision v (C), (D) and (E) from the fourth decretal paragraph thereof, (2) deleting from the thirteenth decretal paragraph thereof, which directs the defendant to maintain a life insurance policy naming the children as irrevocable beneficiaries, the words "for the total amount of child support to be reduced each year by the amount of child support paid in the prior year," (3) adding to the fifteenth decretal paragraph thereof a provision awarding the defendant a credit in the sum of $72,864 for his contribution to the Colony Drive property and adding a provision to subdivision 9 of the sixteenth decretal

paragraph thereof stating that credit shall be realized when the property is sold, and (4) adding to the eighteenth decretal paragraph thereof a provision awarding the defendant a credit against arrears of retroactive child support and maintenance for the carrying charges on the marital residence which he paid during the pendency of the action; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a determination as to the credit to which the defendant is entitled for carrying charges, for a new determination as to the percentage of future educational, child care, and health care costs the defendant is obligated to pay for the parties' children, for a determination of a fixed amount of life insurance which the defendant husband will be obligated to maintain, and for the entry of an appropriate amended judgment.

The Supreme Court improperly determined not to include the plaintiff's rental income derived from the Kennedy Drive property in calculating the parties' child support obligations (*see,* Domestic Relations Law § 240 [1-b] [c] [5]). The Supreme Court is directed to recalculate the parties' proportionate share of educational expenses, child care expenses, and health care expenses not covered by insurance in light of this additional income. It should be noted that the defendant does not dispute the Supreme Court's calculation of his basic child support obligation.

The defendant used the proceeds of his account at Allied Irish Bank, which constituted separate property, to pay the down payment on the marital residence at 10 Colony Drive. Accordingly, he is entitled to a credit in this amount when that property is sold (*see, Lobotsky v Lobotsky,* 122 AD2d 253; *Parsons v Parsons,* 115 AD2d 289; *Cunningham v Cunningham,* 105 AD2d 997).

As the defendant was required to pay all costs associated with the upkeep of the marital residence during the pendency of this action pursuant to a pendente lite order, he should be credited with that amount against arrears he owed for retroactive maintenance and child support obligations (*see, Markopoulos v Markopoulos,* 274 AD2d 457, 459). The matter is remitted to the Supreme Court, Rockland County, for a calculation of the expenses and award of a credit for that amount.

The provision of the judgment which requires the defendant to maintain a life insurance policy naming the children as irrevocable beneficiaries "for the total amount of child support to be reduced each year by the amount of child support paid in

the prior year," is difficult to administer, and should be modified to reflect a fixed amount of life insurance (*see, Morton v Morton,* 130 AD2d 558).

The parties' remaining contentions are without merit. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.