■ VIJAYA LAKSHMI SINHA, Respondent, v RAJESH K. SINHA, M.D., Appellant. [793 NYS2d 347]—

Judgment, Supreme Court, New York County (Sue Ann Hoahng, Special Ref.), entered October 3, 2003, which, inter alia, distributed certain marital assets in a divorce action, unanimously modified, on the law and facts, to the extent of awarding defendant 100% of his Merrill Lynch 401 (k) account, his Merrill Lynch Retirement Accumulation Plan, his Merrill Lynch Employee Stock Ownership Plan, his Merrill Lynch Employee Stock Participation Plan, and the gold statues; reducing plaintiff's distributive award by $29,000 to account for the fact that marital property was used to repay plaintiff's premarital debt; reducing plaintiff's distributive award by $1,550 to account for the portion of the security deposit with Gateway Plaza Management Corporation that was paid from defendant's premarital assets and dividing the remaining $1,053 equally between the parties; making defendant responsible for health insurance for the children only until plaintiff obtains health insurance through an employer, at which point the cost of providing health insurance for the children shall be prorated pursuant to Domestic Relations Law § 240 (1) (d); adding the following language to the judgment: "The parties agree that any major decision with respect to the children will be made jointly with the cooperation and consultation of each party"; remanding the matter to the Special Referee for a recalculation of the amount of marital property that defendant dissipated, bearing in mind that his earnings after the commencement of this action do not constitute marital property and that payments for basic living expenses, the court-appointed accountant, and divorce lawyers do not constitute dissipation; and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Special Referee, entered October 10, 2003, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The parties were married on November 7, 1992 and had two children during this marriage. Plaintiff-respondent sought a divorce on July 18, 2000 on the grounds of constructive abandonment.

Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before . . . the commencement of a matrimonial action."

Regarding defendant-appellant's retirement assets, he should be awarded 100% of his Merrill Lynch deferred compensation, retirement and employee stock ownership plans which assets were all funded from his compensation at Merrill Lynch where he began working in October 2000, after the commencement of this divorce action. Such assets constitute separate property and the Special Referee erred in awarding plaintiff 50% of them.

The gold statues were bought with money received by defendant as a bonus in January 2002, some 1½ years after the commencement of this divorce action. Again, inasmuch as the statues constitute defendant's separate property, not marital property, they should have been awarded to him.

With respect to the $2,603 security deposit for the marital apartment at Gateway Plaza, $1,550 of this was defendant's premarital property, and plaintiff's distributive award should be reduced by this amount. The other $1,053 of this security deposit is marital property that should be divided equally between plaintiff and defendant, and plaintiff's distributive award should be reduced accordingly. Repayment of plaintiff's student loans was made from cash wedding gifts and plaintiff's earnings after the parties' marriage and, thus, constitutes marital property. Defendant should be credited with $29,000, half the amount repaid for plaintiff's student loans, and plaintiff's distributive award should be reduced accordingly.

Regarding the order that he maintain comprehensive health insurance for his children, defendant should be solely responsible for the children's health insurance only until plaintiff obtains health care coverage through an employer. At that point, the cost of providing health insurance for the children should be prorated according to the parties' income pursuant to Domestic Relations Law § 240 (1) (d). Such disposition is more in line with the requirements of the Domestic Relations Law and the intent of the parties' stipulation agreement.

Regarding decisions about the children, the judgment should be modified to add the phrase: "The parties agree that any major decision with respect to the children will be made jointly with the cooperation and consultation of each party." Both parties agreed to this language in their stipulation agreement and it was included in defendant's proposed judgment but, for unknown reasons, not in the Special Referee's judgment.

As to the alleged dissipation of the non-hedge fund marital

assets, the Special Referee awarded plaintiff $775,050. This amount needs to be recalculated, bearing in mind that defendant's earnings after the commencement of this action do not constitute marital property and that payments for basic living expenses, the court-appointed accountant, and divorce lawyers do not constitute dissipation. Moreover, some of the decrease in funds used by the Special Referee in calculating this award was attributable to the decline in the stock market, a matter out of defendant's control.

We have considered defendant's other claims and find them without merit. Concur—Andrias, J.P., Friedman, Nardelli and Gonzalez, JJ.