■ WENDY MOSS, Respondent, v ROBERT MOSS, Appellant. [829 NYS2d 562]—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Balkin, J.), dated August 30, 2005, as granted that branch of the plaintiff wife's motion which was for arrears due under a pendente lite order of the same court (Woodard, J.) dated September 25, 2003, denied his cross motion for a downward modification of his child support obligation pursuant to the pendente lite order, and directed him to pay the sum of $35,707 in arrears under the pendente lite order.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof directing the husband to pay the sum of $35,707 in arrears under the pendente lite order, and substituting therefor a provision directing the husband to pay the sum of $31,391.27 in arrears under the pendente lite order; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The proper remedy for perceived inequities in a temporary award is to proceed to a speedy trial, where the financial circumstances of the parties can be fully explored (*see Levine v Levine*, 19 AD3d 374 [2005]). However, in calculating the arrears due under the portion of the pendente lite order which required the husband to pay the carrying charges on the marital residence, it was error to include the cost of newspaper subscriptions, bottled water, heating filters, a new dishwasher, and long distance telephone calls. And, in calculating the arrears due under the portion of the pendente lite order which required the husband to pay for the children's educational and recreational expenses, it was error to include the cost of the children's cell phone bills. Thus, the husband's arrears should be reduced by

the sum of $4,315.73, from the sum of $35,707 to the sum of $31,391.27.

The husband's remaining contentions are without merit. Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.