■ CAROL REIFF, Appellant, v MICHAEL G. REIFF, Respondent. [836 NYS2d 119]—

Order, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered May 22, 2006, which confirmed in part and rejected in part the report of the Special Referee, unanimously affirmed, without costs.

Plaintiff's claim that she is entitled to 66 additional shares of Royal Dutch Shell from the ING brokerage account is without merit. The parties' stipulation of settlement provided that the assets listed on schedule 1 would be divided equally in *value*; it did not provide that the *number of shares* would be divided equally. By dividing the value of the account as of a date certain, the agreement protected plaintiff in case Shell shares subsequently declined in price. Plaintiff may not have the agreement rewritten simply because the price of Shell shares has increased (*see e.g. Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]).

Plaintiff is not entitled to a qualified domestic relations order (QDRO) of defendant's Shell pension plan based on its value as of September 21, 2004, as opposed to November 1, 2002. The parties agreed that the assets on schedule 1 would be valued as

of the execution of the stipulation of settlement "except as to the retirement assets." They further agreed that "any documented contribution made to the retirement assets after November 1, 2002 and its appreciation" would not be shared. This is consistent with the principle that pension rights acquired after the commencement of a matrimonial action are separate property (see Majauskas v Majauskas, 61 NY2d 481, 485-486 [1984]; Sinha v Sinha, 17 AD3d 131, 133 [2005]), since plaintiff commenced this divorce action in October 2002. Plaintiff's reliance on extrinsic evidence such as the QDRO for defendant's Citigroup pension is unavailing; extrinsic evidence cannot be used to create an ambiguity when the contract itself is clear (see e.g. W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]).

Plaintiff is not entitled to all of the remaining March 2002 options. Her argument that defendant and his lawyer drafted the stipulation of settlement is unavailing because the stipulation clearly deems the doctrine of contra proferentem inapplicable to its construction. Moreover, Shell's cancellation of half of the options was not defendant's fault; where an asset declines in value through no fault of one of the spouses, that spouse should not be held responsible for the loss (see Naimollah v De Ugarte, 18 AD3d 268, 270 [2005]; Sinha, 17 AD3d at 134).

The IAS court properly exercised its discretion in denying attorneys' fees (see Silberman v Silberman, 216 AD2d 41, 41-42 [1995], appeal dismissed 86 NY2d 835 [1995]).

We have considered plaintiff's argument that the IAS court should have sanctioned defendant's lawyer and find it unavailing. Concur—Tom, J.P., Friedman, Saxe, Buckley and Kavanagh, JJ.