■ In the Matter of IRVIN B. KRUKENKAMP, Appellant, v DENISE J. KRUKENKAMP, Respondent. [862 NYS2d 571]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Simeone, J.), dated May 16, 2007, which sustained the mother's objection to an order of the same court (Raimondi, S.M.), dated January 17, 2007, inter alia, directing the mother to pay him child support in the sum of $325 per week, and thereupon vacated the order dated January 17, 2007, and (2) an order of the same court dated August 8, 2007, which denied his objection to so much of an order of the same court dated June 1, 2007, as directed the mother to pay him child support in the sum of only $100 per week.

Ordered that the order dated May 16, 2007, is reversed, without costs or disbursements, the mother's objection to the order dated January 17, 2007, is denied, the order dated January 17, 2007, is amended to reflect that the mother's child support obligation shall be the sum of $338 per week, and the order dated August 8, 2007, is vacated; and it is further,

Ordered that the appeal from the order dated August 8, 2007, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated May 16, 2007.

The father, joint custodial parent of the subject child, filed a petition seeking child support from the mother after the child, who had resided with the mother since the parties' divorce in 1997, began residing with him in January 2005. The mother's child support obligation was initially set, after a hearing, at $325 per week. Upon the mother's objection to this support order, the Family Court vacated the order, determining, inter alia, that the Support Magistrate erred in including in the mother's income the maintenance payments made to her by the father, and reported on the mother's most recent tax return. Upon remittitur, the Support Magistrate rendered a second support order, dated June 1, 2007, this time excluding from the calculation of the mother's income for purposes of awarding child support,

the maintenance payments she received, and upon considering the factors set forth in Family Court Act § 413 (1) (f), set the mother's child support obligation at $100 per week.

The Family Court's determination that, for purposes of awarding child support, the Support Magistrate erred in including, as income to the mother, the maintenance payments she received from the father, was incorrect. The Child Support Standards Act requires the court to establish the parties' basic child support obligation as a function of the "gross (total) income" that is, or should have been, reflected on the party's most recently filed income tax return (Family Ct Act § 413 [1] [b] [5] [i]; see Miller v Miller, 18 AD3d 629, 631 [2005]; Bains v Bains, 308 AD2d 557, 559 [2003]; McNally v McNally, 251 AD2d 302, 303 [1998]). Since, in the present case, the total income reported on the mother's most recently filed tax return included the maintenance payments she had received from the father that year, in the amount of $100,000, that sum was improperly excluded from her income for the purpose of calculating her child support obligation (see Family Ct Act § 413 [1] [b] [5] [i]; Matter of Diamond v Diamond, 254 AD2d 288, 289 [1998]; Matter of Baldino v Baldino, 232 AD2d 480, 480-481 [1996]). The cases relied upon by the Family Court are inapposite because the maintenance award, in those cases, was made concurrently with the child support award, and thus, the prospective maintenance payments, when "viewed at the time of the decision, did not fall within the definition of 'gross (total) income as should have been or should be reported in the most recent federal income tax return'" (Harrison v Harrison, 255 AD2d 490, 491 [1998], quoting Domestic Relations Law § 240 [1-b] [b] [5] [i]; see Shapiro v Shapiro, 35 AD3d 585, 586 [2006]; Lee v Lee, 18 AD3d 508, 510 [2005]).

Although it is not possible to reinstate the initial order of the Support Magistrate due to an error in the calculation of the FICA taxes paid by the father, rather than remitting the matter to the Family Court, Suffolk County, to recalculate the mother's child support obligation, we do so in the interest of judicial economy. We conclude, in light of the factors set forth in Family Court Act § 413 (1) (f) (1) through (10), and particularly the ample financial resources of the father, the fact that the gross income of the mother is substantially less than that of the father, and the mother's provision of support for other family members, that it would be inappropriate to apply the statutory percentage to the parents' combined income in excess of $80,000. We thus calculate the mother's child support obligation to be $338 per week.

The father's remaining contentions either have been rendered academic by this determination or are without merit. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.