JOHN RUANE, Appellant, v PATRICIA RUANE, Respondent. [865 NYS2d 632]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Richmond County (Adams, J.), dated February 16, 2007, which, inter alia, upon a decision dated August 14, 2006, made after a nonjury trial, directed that he pay the defendant the sum of $6,000 per month in spousal maintenance for a period of eight years,

distributed the marital assets, and denied those branches of his motion which were, in effect, for a downward modification of his pendente lite support obligation and for a credit against arrears for tuition payments made.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The parties were married in 1986 and they have three children. In May 2003 the plaintiff left the marital residence and commenced this action for divorce. In February 2005 the parties reached a settlement regarding custody and visitation. The matter proceeded to trial on the economic issues.

The Supreme Court providently exercised its discretion in determining an appropriate maintenance award. " '[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts' " (*DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008], quoting *Wortman v Wortman*, 11 AD3d 604, 606 [2004]). " 'In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and future earning capacity of both parties' " (*DiBlasi v DiBlasi*, 48 AD3d at 404, quoting *Haines v Haines*, 44 AD3d 901, 902 [2007]; *see* Domestic Relations Law § 236 [B] [6] [a]). While the Supreme Court properly found that the defendant was capable of returning to work and re-establishing her business, "the wife's ability to become self-supporting with respect to *some* standard of living in no way . . . obviates the need for the court to consider the predivorce standard of living" (*Hartog v Hartog*, 85 NY2d 36, 52 [1995] [emphasis added]; *see Bean v Bean*, 53 AD3d 718 [2008]). The maintenance award of $6,000 per month for a period of eight years will permit the defendant to maintain a semblance of the predivorce standard of living while allowing her a reasonably sufficient time to become self-supporting (*see* Domestic Relations Law § 236 [B] [6] [a] [4]; *Summer v Summer*, 85 NY2d 1014 [1995]; *Griggs v Griggs*, 44 AD3d 710, 712-713 [2007]; *Palestra v Palestra*, 300 AD2d 288, 289 [2002]; *Kirschenbaum v Kirschenbaum*, 264 AD2d 344 [1999]; *Lombardo v Lombardo*, 255 AD2d 653 [1998]).

The Supreme Court properly denied those branches of the plaintiff's motion, made in April 2004 and referred to trial, which were, in effect, for a downward modification of his pendente lite support obligation and for a credit against support arrears for tuition payments made to the school of the two youngest children. " 'Modifications of pendente lite awards

should be sparingly made and then only under exigent circumstances such as where a party is unable to meet his or her own needs, or the interests of justice otherwise require relief' " (*Levine v Levine*, 19 AD3d 374, 376-377 [2005], quoting *Campanaro v Campanaro*, 292 AD2d 330, 331 [2002]). While the papers submitted on the motion demonstrated that the plaintiff's salary declined in 2003, the evidence adduced at trial established that he also accumulated over $100,000 in capital gains during that year. Accordingly, the plaintiff "had the resources available to sufficiently provide for his family as established in the pendente lite award" (*Krigsman v Krigsman*, 288 AD2d 189, 191 [2001]). Further, the pendente lite order did not address the issue of tuition payments for the children's school. Accordingly, the plaintiff's voluntary payment of tuition may not be recouped or credited against amounts owing under the order (*see Horne v Horne*, 22 NY2d 219, 224 [1968]; *Matter of Hang Kwok v Xiao Yan Zhang*, 35 AD3d 467 [2006]; *Matter of Michiko Lee v Ping Lee*, 279 AD2d 629 [2001]; *Graham v Graham*, 277 AD2d 423 [2000]; *Lefkow v Lefkow*, 188 AD2d 589 [1992]).

In distributing the marital assets, the Supreme Court providently exercised its discretion in characterizing the life insurance policy and margin account as active assets and valued them as of the date of commencement of the action (*see Daniel v Friedman*, 22 AD3d 707 [2005]; *Fox v Fox*, 309 AD2d 1056, 1058 [2003]; *Wegman v Wegman*, 123 AD2d 220, 234 [1986], *mot to amend remittitur granted* 123 AD2d 238 [1987]). The plaintiff depleted those assets during the pendency of the action, the majority going toward the purchase and furnishing of his new home and the installation of a new driveway and basketball court. Their decrease in value was thus due to the plaintiff's decisions and not mere market fluctuations (*see Kirshenbaum v Kirshenbaum*, 203 AD2d 534, 535 [1994]; *Greenwald v Greenwald*, 164 AD2d 706, 716 [1991]; *Wegman v Wegman*, 123 AD2d 220, 234 [1986], *mot to amend remittitur granted* 123 AD2d 238 [1987]). Further, the defendant was properly awarded a separate property credit for the equity value of the marital residence at the time of marriage (*see Newman v Newman*, 35 AD3d 418 [2006]; Domestic Relations Law § 236 [B] [1] [d]). The plaintiff's remaining contention is without merit. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.