In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated March 20, 2009, which granted the mother’s objections to an order of the same court (Raimondi, S.M.), dated December 2, 2008, directing the mother to pay him child support in the sum of $300 per week, and limited her child support obligation to $25 per month.
*676 ' Ordered that the order is affirmed, with costs.
The Family Court providently exercised its discretion in setting the mother’s child support obligation at $25 per month after finding that strict application of the formula set forth in the Child Support Standards Act (hereinafter CSSA) would be unjust and inappropriate in this case (see Family Ct Act § 413 [1] [g]), inter alia, on the ground that the mother’s gross income was substantially less than the father’s gross income (see Family Ct Act § 413 [1] [f] [7]). Although the mother’s maintenance award was includable in gross income in applying the CSSA formula (see Matter of Krukenkamp v Krukenkamp, 54 AD3d 345, 346 [2008]), under the facts of this case, it was unjust and inappropriate to require her to pay child support out of maintenance, since maintenance was her primary source of income, she had not become self-supporting, and the parties’ stipulations setting forth maintenance and child support payments, which stipulations were merged in the judgment of divorce, provided that, in the event she became the noncustodial parent, her child support obligation pursuant to the CSSA would be limited to the statutory minimum of $25 per month. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.