FRANK MONDELLO, Respondent, v PATRICIA MONDELLO, Appellant. [894 NYS2d 19]—

The parties' October 2007 stipulation required plaintiff to perform certain repairs to the marital residence and provided that other repairs would be performed by a third party; defendant was responsible for obtaining estimates for the latter repairs. Plaintiff stated, without contradiction, that he had performed all the repairs required by the stipulation and that he was unaware if defendant had obtained estimates for the third-party repairs. Defendant's claims in her reply brief that various items remain in disrepair have no record support.

The March 2008 stipulation states, "The Parties, as soon as possible, shall take all necessary actions to distribute the following accounts on an equal basis to each Party, as of the next monthly statement: i. Ameriprise Brokerage Account; ii. All stocks, including Exxon, GE and Merck." Defendant claims that she should get half the dollar amount of these accounts as of April 1, 2008, as opposed to half of the number of shares on the dates of distribution. Even putting aside that there is no evidence that the next monthly statements were dated April 1, 2008, the parties' stipulation merely states that the accounts shall be distributed on an equal basis. Unlike the stipulation in *Reiff v Reiff* (40 AD3d 346, 346 [2007]), it does not say that the assets "would be divided equally in *value*." Furthermore, defendant did not, "as soon as possible, . . . take all necessary actions to distribute the . . . accounts," as there is no indication that she responded to plaintiff's lawyer's July 2, 2008 letter to her lawyer, asking when she would be available to execute necessary documents. Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ.