■ STEPHEN R. LUEKER, Appellant, v DONNA DEWITT LUEKER, Respondent. [898 NYS2d 605]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Kings County (Deutsch, J.H.O.), dated May 20, 2008, which, upon an amended decision of the same court dated January 22, 2008, made after a nonjury trial, inter alia, awarded the defendant the sum of $298,819.92, representing her 50% equitable share of the marital property, directed him to pay to the defendant arrears in his pendente lite child support and maintenance obligations in the sum of $17,668.81, maintenance in the sum of $2,000 per month for a period of 18 months commencing from the date of the entry of the order and judgment, child support in the sum of $2,031 per month, 78% of certain add-on expenses for the benefit of the parties' children, and his pro rata share of the children's private school tuition, and to continue his life insurance policy for the benefit of the children until the emancipa-

tion of each child, and denied his motion for downward modification of his pendente lite child support and maintenance obligations.

Ordered that the order and judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the defendant the sum of $298,819.92, representing her 50% equitable share of the marital property, and substituting therefor a provision awarding the defendant the sum of $282,166.40, representing her 50% equitable share of the marital property; (2) by deleting the provision thereof directing the plaintiff to pay child support in the sum of $2,031 per month, and substituting therefor a provision directing the defendant to pay child support in the sum of $1,849 per month; (3) by deleting the provision thereof directing the plaintiff to pay 78% and the defendant to pay 22% of certain add-on expenses, and substituting therefor a provision directing the plaintiff to pay 71% and the defendant to pay 29% of certain add-on expenses; (4) by adding to the fifteenth decretal paragraph thereof the word "reasonable" before the words "unreimbursed medical expense for the children"; (5) by adding a provision thereto directing that the plaintiff is entitled to declare one of the parties' children as a dependent on his income tax returns, and directing the defendant to execute the appropriate Internal Revenue Service forms; (6) by deleting the provision thereof directing the plaintiff to pay to the defendant arrears in his pendente lite child support and maintenance obligation in the sum of $17,668.81, and substituting therefor a provision directing the plaintiff to pay arrears in his pendente lite child support and maintenance obligations in the sum of $9,014.43; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The contributions to the plaintiff's retirement plan made after commencement of the matrimonial action are separate property not subject to equitable distribution (see Pauk v Pauk, 232 AD2d 386, 388 [1996]; Glasberg v Glasberg, 162 AD2d 586, 587 [1990]). However, the defendant was entitled to the equitable distribution of any passive interest earned on the marital portion of the plaintiff's retirement plan (see Gagstetter v Gagstetter, 283 AD2d 393, 396 [2001]; Glasberg v Glasberg, 162 AD2d at 587). Accordingly, the Supreme Court should have valued the plaintiff's retirement plan at $74,798.19 instead of $96,819.27.

Contrary to the plaintiff's contention, since he filed a separate tax return for 2005, his 2005 tax obligations were his alone (see Harmon v Harmon, 173 AD2d 98, 108 [1992]). However, since the plaintiff's bank accounts were valued as of the date of

the commencement of the matrimonial action, the defendant was improperly credited with a $15,000 estimated tax payment made by the plaintiff after the commencement of the action. The $15,000 was included in the marital property which was equitably distributed. Accordingly, the Supreme Court improperly credited the defendant the sum of $1,875.

Contrary to the Supreme Court's determination, since the matrimonial action was commenced on September 22, 2005, 72.6%, and not 75%, of the New York State tax refund received in 2005 should have been deemed marital property. Therefore, the defendant was entitled to a credit in the sum of $1,451.27, instead of the $1,499.25 calculated by the Supreme Court. Similarly, 72.6% of the plaintiff's bonus received in 2006 for work performed in 2005 constituted marital property. Therefore, the defendant was entitled to a credit in the sum of $33,880, instead of the $35,000 calculated by the Supreme Court. Further, the $5,200 rent security deposit made for the marital residence constituted marital property that should have been divided equally between the parties and, therefore, the defendant's distributive award must be reduced by the sum of $2,600 (*see Sinha v Sinha*, 17 AD3d 131, 132 [2005]).

Accordingly, after valuing the plaintiff's retirement plan at $74,798.19, eliminating the defendant's credit in the sum of $1,875 for the estimated tax payment, giving the defendant credits of $1,451.27 for the New York State tax refund and $33,880 for the bonus, and reducing the defendant's distributive award by the sum of $2,600, the defendant's 50% distributive share of the marital property totals $282,166.40, and we modify the judgment accordingly.

With respect to the pendente lite award, contrary to the plaintiff's contention, the Supreme Court was not required to deduct the maintenance award from his gross income before applying the formula set forth by the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]), since a pendente lite award, rather than a permanent award, was at issue (*see Krantz v Krantz*, 175 AD2d 863, 864 [1991]; *Lenigan v Lenigan*, 159 AD2d 108, 111 [1990]).

With respect to the final award of child support, the Supreme Court, using the parties' 2006 income tax returns, found that the plaintiff had an income of $309,046; however, the plaintiff's 2006 Federal income tax return shows that he had an income of $304,992. The Supreme Court deducted FICA and local taxes, and then deducted $24,000 for maintenance paid to the defendant. The parties' 2006 income tax returns show that the plaintiff paid, and the defendant received, the sum of $29,863 in mainte-

nance in 2006. Therefore, the Supreme Court should have deducted the sum of $29,863 from the plaintiff's parental income in calculating child support (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]).

Furthermore, maintenance payments received and reported on a party's most recently filed income tax return should be included as income for purposes of calculating child support (*see* Domestic Relations Law § 240 [1-b] [b] [5] [i]; *Ansour v Ansour*, 61 AD3d 536, 536-537 [2009]; *Matter of Krukenkamp v Krukenkamp*, 54 AD3d 345, 346 [2008]). Accordingly, the sum of $29,863 should have been added to the defendant's parental income in calculating child support.

Rather than remit the matter to the Supreme Court, Kings County, we recalculate the plaintiff's child support obligation in the interest of judicial economy (*see Matter of Krukenkamp v Krukenkamp*, 54 AD3d at 346). Making the appropriate adjustments, and applying the statutory percentage of 25% to the capped parental income of $125,000, as did the Supreme Court, the plaintiff's pro rata share of the combined parental income is 71%, and his child support obligation is $1,849 per month. We modify the judgment accordingly, and further modify the judgment to direct that the plaintiff pay 71%, and the defendant pay 29%, of certain add-on expenses for the benefit of the children.

The Supreme Court properly directed the plaintiff to continue his life insurance policy for the benefit of the children until the emancipation of each child (*see Matter of Moran v Grillo*, 44 AD3d 859, 860-861 [2007]; *Corless v Corless*, 18 AD3d 493, 494 [2005]; *Weisbard v Missett*, 289 AD2d 482, 483 [2001]; *Fogarty v Fogarty*, 284 AD2d 300, 301-302 [2001]). Contrary to the plaintiff's contention, the Supreme Court was not required to direct that his life insurance policy have a declining balance (*see Fogarty v Fogarty*, 284 AD2d at 301-302).

Since both parties are wage earners who contribute toward the support of their two children, the plaintiff may claim one of the children as a dependent on his income tax returns (*see Skladanek v Skladanek*, 60 AD3d 1035, 1037 [2009]; *O'Halloran v O'Halloran*, 58 AD3d 704, 706 [2009]; *Popelaski v Popelaski*, 22 AD3d 735, 738 [2005]; *Junkins v Junkins*, 238 AD2d 480, 482 [1997]).

"Modifications of pendente lite awards should be sparingly made and then only under exigent circumstances such as where a party is unable to meet his or her own needs, or the interests of justice otherwise require relief" (*Campanaro v Campanaro*, 292 AD2d 330, 331 [2002]; *see Ruane v Ruane*, 55 AD3d 586, 587-588 [2008]; *Levine v Levine*, 19 AD3d 374, 376-377 [2005]).

The plaintiff's testimony at trial revealed he "had the resources available to sufficiently provide for his family as established in the pendente lite award" (*Krigsman v Krigsman*, 288 AD2d 189, 191 [2001]; *see Ruane v Ruane*, 55 AD3d at 588). Accordingly, the Supreme Court properly denied the plaintiff's motion for downward modification of his pendente lite child support and maintenance obligations.

In a parenting agreement, the parties stated their intention for their children to continue to attend private school. Therefore, the Supreme Court providently exercised its discretion in directing the plaintiff to pay his pro rata share of the children's private school tuition (*see Cohen v Cohen*, 21 AD3d 341 [2005]).

The Supreme Court mistakenly omitted the word "reasonable" to describe the unreimbursed health care expenses to be paid (*see* Domestic Relations Law § 240 [1-b] [c] [5] [v]; *Griggs v Griggs*, 44 AD3d 710, 713-714 [2007]; *Grossman v Grossman*, 224 AD2d 489, 491 [1996]). Accordingly, we modify the judgment to include that omitted language.

In calculating arrears for child support and maintenance pursuant to the pendente lite order, it was error for the Supreme Court to include the children's tutoring expenses, since the plaintiff was not required to pay any tutoring expenses under that order (*see Moss v Moss*, 36 AD3d 674 [2007]). Furthermore, the plaintiff demonstrated that he paid $834.50 for his daughter's tuition in January 2006, and was not credited for that amount in the determination of arrears. The plaintiff was also entitled to a partial credit for the rent payments he made for the marital residence from November 2005 to January 2006 (*see Grossman v Merke-Grossman*, 248 AD2d 670 [1998]; *Southwick v Southwick*, 214 AD2d 987, 988 [1995]; *Bara v Bara*, 130 AD2d 613 [1987]). Accordingly, the plaintiff's arrears must be reduced to the sum of $9,014.43.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.