██ In the Matter of CORNETTE F. CORDWELL, Respondent, v MICHAEL A. CLARKE, Appellant. [9 NYS3d 613]—

Appeal from an order of the Family Court, Westchester County (David Klein, J.), entered June 16, 2014. The order, insofar as appealed from, denied the father's objections to so much of an order of support of that court (Carole Ann Jordan, S.M.) dated March 7, 2014, as awarded the mother child support in the sum of $579 semi-monthly.

Ordered that the order entered June 16, 2014, is reversed insofar as appealed from, on the law and on the facts, without costs or disbursements, the father's objections are granted to the extent of reducing the award of child support to the mother from the sum of $579 semi-monthly to the sum of $510 semi-

monthly, and the order dated March 7, 2014, is modified accordingly.

The father and the mother, who were never married, have one child together. In September 2013, the mother filed a petition in the Family Court alleging that the father is chargeable with child support. The father's basic child support obligation was set, after a hearing, at $579 semi-monthly. The father filed objections to the order of support, arguing, inter alia, that the Support Magistrate incorrectly calculated his income and the mother's income when determining the basic child support obligation. The court denied the father's objections. The father appeals.

Contrary to the father's contention, the Support Magistrate properly calculated the father's income (see Matter of Moran v Grillo, 44 AD3d 859, 860-861 [2007]). However, the Support Magistrate's calculation of the mother's income was incorrect. The Child Support Standards Act (Domestic Relations Law § 240 [1-b]) requires the court to establish the parties' basic child support obligation as a function of the "gross (total) income" that is, or should have been, reflected on the parties' most recently filed income tax return (Family Ct Act § 413 [1] [b] [5] [i]). The Support Magistrate, applying the information set forth on the mother's 2012 W-2 form, found that her income was $70,439, but her 2012 federal income tax return shows that her income was $92,846. Thus, the Support Magistrate should have calculated the mother's gross adjusted income based upon her reported income of $92,846.

Rather than remitting the matter to the Family Court, Westchester County, we recalculate the father's support obligation in the interest of judicial economy (see Lueker v Lueker, 72 AD3d 655, 658 [2010]; Matter of Krukenkamp v Krukenkamp, 54 AD3d 345, 346 [2008]). Making the appropriate adjustments, and applying the statutory percentage of 17% to the capped parental income of $141,000, as did the Family Court, the father's pro rata share of the combined parental income is 51%, and his child support obligation is $510 semi-monthly. Accordingly, we reverse the order insofar as appealed from and grant the father's objections to the extent of awarding the mother child support in the sum of $510 semi-monthly. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.