Neuschotz v Neuschotz (2019 NY Slip Op 02980)





Neuschotz v Neuschotz


2019 NY Slip Op 02980


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


311514/09 9044 9043

[*1]Sondra Neuschotz, Plaintiff-Respondent,
v
Nilson Neuschotz, Defendant-Appellant. 
Robert G. Smith, PLLC, Nonparty Appellant.


Robert G. Smith, PLLC, New York (Robert G. Smith of counsel), for appellant.
Blank Rome LLP, New York (Jerry Bernstein of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about July 25, 2017, which denied defendant husband's motion for pendente lite counsel fees, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 25, 2017, which granted plaintiff wife's application to modify the parties' judgment of divorce by awarding her sole legal custody of the children of the marriage, unanimously dismissed, without costs, as moot, as the children are now emancipated.
The trial court providently exercised its discretion in denying defendant's motion for a further award of counsel fees on the eve of trial on the ground that defendant took a position that resulted in unnecessary litigation (see generally Domestic Relations Law §§ 237(b) and 238). The trial court found that defendant's claims of parental alienation, raised in defending against plaintiff's application for sole legal custody, were wholly without merit and that he was not a credible witness. Upon review of the record, we find no basis for disturbing this determination, which is accorded deference (Silberman v Silberman , 216 AD2d 41, 41-42 [1st Dept 1995], appeal dismissed 86 NY2d 835 [1995]). Moreover, at the time of the hearing, the children were either emancipated or nearing emancipation, and defendant acknowledged before the court that he did not expect a resumption of his parental access, given the children's ages and hostile disposition toward him. We note that, by granting plaintiff's application for legal custody, the trial court simply allowed the status quo in effect since 2014 pursuant to a so-ordered stipulation to continue. Upon the particular "equities and circumstances" of this case (see Havell v Islam , 301 AD2d 339, 347 [1st Dept 2002] [internal quotation marks omitted], lv denied 100 NY2d 505 [2003]), and bearing in mind that defendant had already received $120,000 in interim counsel [*2]fees, we find that, plaintiff's superior financial position notwithstanding, an additional award of counsel fees is not warranted.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK