Parker v Parker (2023 NY Slip Op 02389)

Parker v Parker

2023 NY Slip Op 02389

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Index No. 350048/15 Appeal No. 177 Case No. 2021-04426 

[*1]Ulla Parker, Plaintiff-Appellant-Respondent,
v
Kevin Parker, Defendant-Respondent-Appellant.

Mandelbaum Barrett, PC, New York (Michael F. Bevacqua, Jr. of counsel), for appellant-respondent.
Boies Schiller Flexner LLP, New York (Charles Fox Miller of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered October 19, 2021, which, to the extent appealed from as limited by the briefs, determined that SICM Management LLC, Far East Restaurant Partners/Bice Australia, Green Partners LLC, and KNIC Properties LP had no value as of date of commencement, thus making no distribution of these businesses, and credited plaintiff wife $2,440,618.03 representing 30% of the value of Next Jump LLC as of date of commencement and $818,693.20 representing 40% of the value of Maris-Cathare Wines (Cathare) as of date of commencement; declined to credit the wife for defendant husband's alleged wasteful dissipation of marital assets; declined to award the wife any spousal maintenance; determined that the apartment located at 4 East 66th Street is marital property to be immediately sold, with the net proceeds subject to equal distribution; declined to award the wife counsel fees, and declined to impose sanctions on the wife, unanimously modified, on the law and the facts, to the extent of crediting the wife 50% of the value of Next Jump and Cathare, and otherwise affirmed, without costs.
Although plaintiff wife now argues that the valuation date was inappropriate given the passive nature of the assets, the record indicates that the parties agreed to a valuation of their marital business interests near the date of commencement. Significantly, at trial, plaintiff, who retained her own expert, did not present any evidence as to the valuation of the business interests, let alone an expert opinion of value as of the date of trial. Under these circumstances, the trial court properly relied on other measures to value the business interests. The marital share of Next Jump was valued based on a buyout offer near the date of commencement, which was declined by the parties, for $8,135,393.42, and the husband testified that the marital share of assets owned by Cathare were worth approximately $2 million. The remaining business interests were assigned zero value, and in the absence of any evidence to the contrary, we have no basis to reverse this finding (see Nacos v Nacos, 168 AD3d 413, 414 [1st Dept 2019]).
There is no requirement that the distribution of each marital asset be equal (see Arvantides v Arvantides, 64 NY2d 1033, 1034 [1985]). However, where both spouses equally contribute to a marriage of long duration, division should be as equal as possible (see Smith v Smith, 162 AD2d 346, 347 [1st Dept 1990], lv denied 77 NY2d 805 [1991]). Here, the parties were married for 17 years, during which plaintiff managed the parties' households and acted as the children's primary caretaker, and she held title with defendant to Cathare and Next Jump, reflecting their intention to jointly own these investments fueled by marital funds. Accordingly, we find that plaintiff should have been credited 50% of the value of these business interests (see id.).
The court properly rejected plaintiff's wasteful dissipation claims. [*2]The parties' unsuccessful investments into various business interests during the marriage are not subject to scrutiny in the absence of any evidence that defendant acted recklessly or in bad faith (see Grunfeld v Grunfeld, 255 AD2d 12, 22 [1st Dept 1999], mod on other grounds 94 NY2d 696 [2000]). As to the marital funds allegedly spent on defendant's new partner and their children, these expenses were not detailed with any precision, as noted by the court, and the record reveals that the majority of the money spent went toward basic living expenses, like shared housing with defendant, or were paid by defendant's post-commencement earnings (see Sinha v Sinha, 17 AD3d 131, 134 [1st Dept 2005]; see also McCaffrey v McCaffrey, 107 AD3d 1106, 1107 [3d Dept 2013]).
The court properly determined that the apartment purchased during the marriage was marital property subject to equitable distribution, rejecting plaintiff's separate property claim in the absence of an agreement "in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded" proving that the transfer to her sole name was intended as a gift (Domestic Relations Law § 236[B][3]; see Matisoff v Dobi, 90 NY2d 127, 130 [1997]). Contrary to plaintiff's contention, the transfer of the shares and proprietary lease was insufficient to confer separate property status on the apartment (cf. Brabaw v Brabaw, 108 AD2d 1006, 1006-1007 [3d Dept 1985]).
In declining to award maintenance, the court properly considered the factors set forth in Domestic Relations Law § 236(B)(6), including plaintiff's age, level of education, good health, and the considerable equitable distribution award at her disposal. Although plaintiff relied heavily on the parties' lavish marital lifestyle to argue her entitlement to spousal support, the record supports the court's conclusion that the means for this standard of living came to an end in 2012, years prior to commencement of the divorce, when defendant left his position at Deutsche Bank to embark on his own business endeavors. Accordingly, it cannot be said that the court improvidently exercised its discretion in denying her maintenance.
The court providently exercised its discretion in ordering that plaintiff pay her own counsel fees in view her distributive award, and the unreasonable positions she adopted during the litigation, which delayed the proceedings and incurred additional counsel fees (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881-882 [1987]). However, the court providently exercised its discretion in concluding that plaintiff's conduct was not sanctionable, as her positions were not wholly devoid of merit (see 22 NYCRR 130-1.1[c]; Newman v Berkowitz, 50 AD3d 479, 480 [1st Dept 2008]).
Defendant's arguments with respect to the appointment of a receiver to oversee distribution of the parties' personal property and whether certain credits to the wife should have been specified as pre-tax in the order [*3]are not properly before this Court, and thus we decline to address them. Also, as defendant concedes, his challenge to the remand of child support is academic as the matter has already been scheduled for a hearing.
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023